JUDGE SULLIVAN

**08 CV 01328**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
AFSHIN MONSEFI, Individually and on Behalf
of All Those Similarly Situated,

Civ. No.

Plaintiff,

vs.

ORION ENERGY SYSTEMS, INC., NEAL R.
VERFUERTH, DANIEL J. WAIBEL, THOMAS
A. QUADRACCI, MICHAEL J. POTTS,
DIANA PROPPER de CALLEJON, JAMES R.
CACKLEY, ECKHART G. GROHMANN,
PATRICK J. TROTTER, THOMAS WEISEL
PARTNERS, LLC, CANACCORD ADAMS, INC.,
and PACIFIC GROWTH EQUITIES, LCC,

Defendants.
-------------------------------------------------------------x

**CLASS ACTION COMPLAINT
FOR VIOLATIONS OF
FEDERAL SECURITIES LAWS**

**JURY TRIAL DEMANDED**

RECEIVED
FEB 11 2008
U.S.D.C.

Plaintiff makes the following allegations, except as to allegations specifically pertaining to Plaintiff and Plaintiff's counsel, on information and belief based upon the investigation undertaken by Plaintiff's counsel (which investigation included analysis of publicly available news articles and reports, public filings, securities analysts' reports and advisories about Orion Energy, Inc. ("Orion Energy" or the "Company"). Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## FACTUAL ALLEGATIONS

1.     This is a class action on behalf of a class of purchasers of Orion Energy common stock from the date of the initial public offering ("IPO") on December 18, 2007 through February 6, 2008, the last trading day prior to the revelation of adverse news about the

Company (the "Class") and its unexpected adoption of a "new business model" which would adversely affect revenues in the final quarter of the 2008 fiscal year, as the Company switched to "aggressive" marketing of a new product line. This adverse news caused the price to fall $6.39 in one trading day, or 43%, to close at $8.51 on February 7, 2008. The IPO Prospectus, issued just weeks earlier, said nothing about an impending radical and risky shift in the Company's business model, and instead described a Company with a steady business, constantly increasing revenues, and a stable product line. The IPO, commencing on December 18, 2007, involved the sale of 8.8 million shares to members of the investing public at a price of $13 per share, netting the Company $78.8 million in proceeds. In connection with the IPO, certain insiders sold shares. These included Chief Executive Officer and President Neal R. Verfuerth and family, who sold 606,510 shares for gross proceeds of approximately $7.8 million; Director Diana Propper de Callejon, who sold 1,009,091 beneficially owned shares, for gross proceeds of approximately $13 million; Director Michael J. Potts, who sold 80,698 shares, for gross proceeds of approximately $1 million; and Director Patrick J. Trotter, who sold 51,479 shares, for gross proceeds of approximately $650,000.

2.     This action arises under Section 11 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77k.  Under Section 11, with respect to a Registration Statement and Prospectus for an IPO (which shall hereinafter be collectively referred to at times as "the Prospectus"), directors and underwriters are strictly liable for failure to craft that Prospectus in a way which fully and accurately informs investors of all material facts and industry trends affecting the issuer company subject to certain affirmative defenses. The issuer itself is held to strict liability for any material misrepresentations or omissions from the offering Prospectus. This Complaint asserts that the Orion Energy Prospectus contained material misstatements and

omissions, which when revealed led to the Class suffering losses and being damaged.  It further asserts that the director defendants (as defined herein) and the underwriters could have and should have discovered these facts, and included them in the Prospectus, but failed to do so due to a negligent and inadequate "due diligence" investigation.  No defendant herein is charged with fraud, as all claims sound in strict liability.

3.      Orion Energy's business, according the Prospectus, is to "design, manufacture and implement energy management systems consisting primarily of high-performance, energy efficient lighting systems, controls and related services."  The Prospectus stated that the Company's business model was based on sales of high intensity fluorescent ("HIF") lighting systems, which systems incorporate traditional core components and include complementary products such as: (a) "our InteLite intelligent lighting controls" and (b) "our Apollo Light Pipe, which collects and focuses daylight without consuming electricity."

4.      The Prospectus made brief and casual mention of a new and seemingly complementary product line, known as "Wireless Controls":

> We are currently in the final stages of testing our wireless control devices. These devices will allow our customers to remotely communicate with and give commands to individual light fixtures through web-based software, and will allow the customer to configure and easily change the control parameters of each individual sensor based on a variety of inputs and conditions. We expect to begin selling these products in fiscal 2008.

5.      Nothing in the Prospectus indicated any need, desire or plan for  the Company to change its course and adopt a radically new business model, which would negatively impact future receipts, and involve the aggressive marketing of a new line of products never before market tested.  Indeed, in discussing the IPO's "Use of Proceeds", investors were told that the future would be business as usual, as the Prospectus stated that: "The principal purposes for this

3

offering are to generate funds for working capital and general corporate purposes, including to fund potential future acquisitions, and to create a public market for our common stock."

6.      On February 6, 2008, after the close of market trading, Orion shocked investors with the news (conveyed principally by management during a conference call), that Orion's history of sequentially higher revenues was about to be reversed in the present quarter due to the Company's pursuit of a previously-undisclosed "new business model" involving the "aggressive" sale of second and third generation products which had not yet gained market acceptance.  This business focus was materially different than what had been described in the Prospectus scant weeks before, and involved significantly greater risk.  Moreover, it appeared that the Use of Proceeds section of the Prospectus was materially misleading as the primary use of the proceeds of the IPO will, in truth and in fact, be to launch this new and different business model, and switch gears from the business and product focus described in the Prospectus.  Nor did the Prospectus discuss or disclose the inadequacy of the Company's sales force to sell existing product lines, and to support sales under the new business model without adversely affecting organic sales growth, at least in the near-term.

7.      Thus, the representations made in connection with the sale of Orion Energy common stock in the IPO were materially false or misleading.

8.      The matters and business necessities discussed above, all of which existed at the time of the IPO, could have been ascertained through appropriate and reasonable investigation and due diligence by Orion's directors, and the IPO underwriters.  Orion is strictly liable for its failure to disclose and discuss these matters.

9.     The revelations discussed above were so at odds with the Prospectus that the resultant stock drop eradicated $160 million in Company and shareholder value in just one day, leaving Orion with a market value of just $216 million.

## JURISDICTION AND VENUE

10.     The claims asserted herein arise under and pursuant to Section 11 of the Securities Act (15 U.S.C. §§77k and 77(o)).

11.     This Court has jurisdiction over the subject matter of this action pursuant to Section 22(a) of the Securities Act (15 U.S.C. §77v(a)) and 28 U.S.C. § 1331.

12.     Venue is proper in this Judicial District pursuant to Section 22(a) of the Securities Act, 15 U.S.C. §77v(a), and 28 U.S.C. § 1391(b).  Many of the acts and transactions alleged herein, including the dissemination of materially false and misleading information, affected persons in this District.  In addition, selling shareholder Clean Technology Fund II, L.P., which is controlled by defendant Propper de Callejon, one of Orion's directors, maintains its principal executive offices in this District at 90 Park Avenue, Suite 1700, New York, NY 10016.

13.     In connection with the acts, conduct and other wrongs alleged in this complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

14.     Plaintiff purchased shares of Orion Energy common stock pursuant to the IPO and was damaged economically.

15.     Defendant Orion Energy, Inc. is headquartered in Manitowoc, Wisconsin.

16.     Defendant Thomas Weisel Partners, LLC was a co-lead underwriter of the Orion Energy IPO.

17.     Defendant Canaccord Adams, Inc. was a co-lead underwriter of the Orion Energy IPO.

18.     Defendant Pacific Growth Equities, LLC was a co-lead underwriter of the Orion Energy IPO.

19.     Defendant Neal R. Verfuerth ("Verfuerth") is, and was at all times relevant hereto, the Company's President and Chief Executive Officer.  Verfuerth signed the Registration Statement for the IPO.  In the IPO, defendant Verfuerth and his spouse sold 606,510 Orion shares for gross proceeds of approximately $7.8 million.

20.     Defendant Daniel J. Waibel ("Waibel") is, and was at all times relevant hereto, Chief Financial Officer and Treasurer.  He signed the Registration Statement for the IPO.

21.     Defendant Diana Propper de Callejon ("de Callejon) is, and was at all times relevant hereto, a director.  She signed the Registration Statement for the IPO.  Defendant de Callejon is a managing member of parent companies of Clean Technology Fund, II ("Clean Technology"), a major Orion shareholder.  In the IPO, Clean Technology and de Callejon sold over 1 million Orion shares, approximately on-third of their pre-IPO holdings, for gross proceeds in excess of $13 million.

22.     Defendants Thomas A. Quadracci, Michael J. Potts, James R. Cackley, Eckhart G. Grohmann, and Patrick J. Trotter are each Orion directors, and each signed the Registration Statement for the IPO.  In addition, Potts sold 80,698 shares in the IPO, for gross proceeds of approximately $1 million; and Trotter sold 51,479 shares in the IPO, for gross proceeds of approximately $650,000.

6

23.     Defendants Verfuerth, Waibel, de Callejon, Quadracci, Potts, Cackley, Grohmann, and Trotter are sometimes referred to hereinafter as the "Individual Defendants."

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this action as a class action on his own behalf and on behalf of all purchasers of the common stock of Orion Energy issued pursuant and/or traceable to the Company's IPO, from December 18, 2007 through February 6, 2008. Excluded from the Class are Defendants herein, members of the immediate families of each of the Defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.

25.     The members of the Class are so numerous that joinder of all members is impracticable. Approximately 8.8 million shares of the Company's common stock were sold in the IPO. The precise number of Class members is unknown to Plaintiff at this time but is believed to be in the thousands. In addition, the names and addresses of the Class members can be ascertained from the books and records of Orion Energy or its transfer agent or the underwriters for the IPO. Notice can be provided to such record owners by a combination of published notice and first-class mail, using techniques and a form of notice similar to those customarily used in class actions.

26.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained competent counsel experienced in class action litigation to further ensure such protection and intends to prosecute this action vigorously.

27.     Plaintiffs claims are typical of the claims of the other members of the Class because plaintiffs and all the Class members' damages arise from and were caused by the same false and misleading representations and omissions made by or chargeable to Defendants. Plaintiff does not have any interests antagonistic to, or in conflict with, the Class.

28.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to seek redress for the wrongful conduct alleged. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

29.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

(a)     Whether the Securities Act was violated by Defendants' acts as alleged herein;

(b)     Whether documents, including the Registration Statement and Prospectus issued by Defendants to the investing public omitted and/or misrepresented material facts about Orion Energy and its business; and

(c)     The extent of injuries sustained by members of the Class and the appropriate measure of damages.

## CAUSE OF ACTION
### Violations Of Section 11 Of The Securities Act
### Against All Defendants

30.    Plaintiff repeats and realleges each and every allegation above as if set forth fully herein. This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k. This claim is not based on and does not sound in fraud.

31.    This claim is brought by Plaintiff on his own behalf and on behalf of other members of the Class who acquired Orion Energy stock pursuant to the Prospectus and Registration Statement. Each Class member acquired their shares pursuant to and/or traceable to the Prospectus and Registration Statement. Orion Energy is the issuer of the securities through the Registration Statement and Prospectus. The Individual Defendants are signatories of the Registration Statement, and Prospectus.  Thomas Weisel Partners, LLC, Canaccord Adams, Inc. and Pacific Growth Equities, LLC were co-lead underwriter of the Orion Energy securities offered through the Registration Statement and Prospectus.

32.    Defendants owed to the purchasers of the stock obtained through the Registration Statement and Prospectus the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement and Prospectus at the time they became effective to ensure that such statements were true and correct and that there was no omission of material facts required to be stated in order to make the statements contained therein not misleading.

33.    None of the defendants made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and Prospectus were true or that there was no omission of material facts necessary to make the statements made therein not misleading.

34.    Defendants issued and disseminated, caused to be issued and disseminated, and participated in the issuance and dissemination of, material misstatements to the investing public which were contained in the Registration Statement and Prospectus, which misrepresented or failed to disclose, *inter alia,* the facts set forth above. By reason of the conduct herein alleged, each defendant violated Section 11 of the Securities Act.

35.    Orion Energy is the issuer of the stock sold via the Registration Statement and Prospectus. As issuer of the stock, the Company is strictly liable to Plaintiff and the Class for the material misstatements and omissions therein.

36.    At the times they obtained their shares of Orion Energy, Plaintiff and members of the Class did so without knowledge of the facts concerning the misstatements or omissions alleged herein.

37.    This action is brought within one year after discovery of the untrue statements and omissions in and from the Registration Statement and Prospectus should have been made through the exercise of reasonable diligence, and within three years of the effective date of the Registration Statement and Prospectus.

38.    By virtue of the foregoing, plaintiff and the other members of the class are entitled to damages under Section 11 as measured by the provisions of Section 11(e), from the defendants and each of them, jointly and severally.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself the other members of the Class, pray for judgment as follows:

(a)    declaring this action to be a Plaintiff class action properly maintained pursuant to the Federal Rules of Civil Procedure, certifying the Class, and certifying their counsel as Class Counsel;

(b)    awarding Plaintiff and other members of the Class damages against Defendants, jointly and severally, together with interest thereon;

(c)    awarding Plaintiff and other members of the Class their costs and expenses of this litigation, including reasonable attorneys' fees, accountants' fees and experts' fees and other costs and disbursements; and

(d)    awarding Plaintiff and other members of the Class such other and further relief as may be just and proper under the circumstances.

DATED: February 11, 2008

Respectfully Submitted,

Roy L. Jacobs, Esq. (RLJ-0286)
**ROY JACOBS & ASSOCIATES**
60 East 42nd Street
46th Floor
New York, NY 10165
Telephone: (212) 867-1156
Facsimile:  (212) 504-8343
rljacobs@pipeline.com

**PASKOWITZ &ASSOCIATES**
Laurence D. Paskowitz, Esq. (LP-7324)
60 East 42nd Street—46th Floor
New York, New York 10165
Telephone: (212) 685-0969
Facsimile: (212) 685-2306
lpaskowitz@pasklaw.com

**Attorneys for Plaintiff and the Class**

## PLAINTIFF'S CERTIFICATE

The undersigned ("Plaintiff") declares, as to the claims asserted under the federal securities laws, that:

1.      Plaintiff has reviewed the complaint of Orion Energy Systems, Inc. and certain other defendants.

2.      Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3.      Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.      Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as approved by the court.

5.      Plaintiff made the following transactions during the Class Period (December 18, 2007 through February 6, 2008) in the common shares of Orion:

| Purchases | | | | Sales | | |
|---|---|---|---|---|---|---|
| Date(s) | Number of Shares | Price | | Date(s) | Number of Shares | Price |
| 12-19-2007 | 600 | 21.83 | | 12-19-2007 | 500 | 20.81 |
| 12-19-2007 | 600 | 21.84 | | 12-27-2007 | 1000 | 20.0901 |
| 12-19-2007 | 300 | 21.85 | | | | |
| 01-31-2008 | 2000 | 12.93 | | | | |
| | | | | | | |
| | | | | | | |

6.      During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws.

7.      I declare under penalty of perjury, this _09___ day of February 2008 that the information above is accurate.

Afshin Monef.

_____
E-signed