UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                                              :

**AFSHIN MONSEFI, Individually and on Behalf of All Those Similarly Situated,**  :

                                                                              :   ECF Filed

                          Plaintiff,        :

                                                                              :   08-Civ. 1328 (RJS)

              vs.                                          :

**ORION ENERGY SYSTEMS, INC., et al**  :

                        Defendants.     :

------------------------------------------------------------ x

*(Additional captions on the following pages)*




**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE ELDER GROUP
FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF,
<u>AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

```
------------------------------------------------------------- x
JASON ALLEN Individually, and On Behalf   :
of All Others Similarly Situated,         :
                                          :   ECF FILED
                     Plaintiff,           :
                                          :   08-Civ. 1992 (RJS)
          v.                              :
                                          :
ORION ENERGY SYSTEMS, INC., et al         :
                                          :
                     Defendants.          :
                                          :
                                          :
                                          :
                                          :
                                          :
                                          :
                                          :
                                          :
                                          :
                                          :
------------------------------------------------------------- x
WILLIAM GOLDSTEIN, Individually, and      :
On Behalf of All Others Similarly Situated, :
                                          :   ECF FILED
                     Plaintiff,           :
                                          :   08-Civ. 2984
          v.                              :
                                          :
ORION ENERGY SYSTEMS, INC., et al         :
                                          :
                     Defendants.          :
                                          :
                                          :
                                          :
                                          :
                                          :
                                          :
                                          :
                                          :
                                          :
                                          :
------------------------------------------------------------- x
```

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................... iii

PRELIMINARY STATEMENT ................................................ 1

STATEMENT OF FACTS ...................................................... 2

ARGUMENT ...................................................................... 5

I.  THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ........... 5

II. THE ELDER GROUP SHOULD BE APPOINTED LEAD PLAINTIFF ............. 6

   A. The Procedural Requirements Pursuant to the PSLRA ..................... 6

   B. The Elder Group is the "Most Adequate Plaintiff" ........................ 7

      1. The Elder Group Has Made a
         Motion for Appointment as Lead Plaintiff ........................... 7

      2. The Elder Group Has the Largest Financial Interest ................. 7

      3. The Elder Group Otherwise Satisfies Rule 23 ....................... 7

         (a) The Elder Group Fulfills the Typicality Requirement .......... 8

         (b) The Elder Group Fulfills the Adequacy Requirement .......... 9

III. THE COURT SHOULD APPROVE THE
     ELDER GROUP'S CHOICE OF COUNSEL ................................... 9

     CONCLUSION .............................................................. 10

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Constance Sczesny Trust v. KPMG LLP*,
   223 F.R.D. 319 (S.D.N.Y. 2004) ................................................................................., 8, 9

*Glauser v. EVCI Career Colleges Holding Corp.*,
   236 F.R.D. 184 (S.D.N.Y. 2006) ..................................................................................7, 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ........................................................................................8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ........................................................................................7

*Johnson v. Celotex Corp.*, 899 F. 2d 1281, 1284
   (3rd Cir. 1990) .................................................................................................................5

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co., Inc.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) .....................................................................................9

*Weiss v. Friedman, Billings, Ramsey Group, Inc.*,
   2006 U.S. Dist. LEXIS 3028 (S.D.N.Y. 2005) ..............................................................10

### FEDERAL STATUTES

15 U.S.C. § 77k ....................................................................................................................1, 3

15 U.S.C. § 77z-1(a)(3)(A) ...............................................................................................4, 5, 6

15 U.S.C. § 77z-1(a)(3)(B) ...............................................................................................2, 6, 7

Fed. R. Civ. P. 23 ...................................................................................................................7, 9

Fed. R. Civ. P. 42 ......................................................................................................................5

Michael and Tonia Elder, Boris Nayfish, and John Aliano (collectively, the "Elder Group"), respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 11 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k for an order: (i) consolidating the related actions; (ii) appointing the Elder Group as lead plaintiff of a class of purchasers of the securities of Orion Energy Systems, Inc. ("Orion Energy" or the "Company"); and (iii) approving the Elder Group's selection of Paskowitz & Associates ("Paskowitz & Associates") as lead counsel for the Class.

## PRELIMINARY STATEMENT

This case involves allegations against Orion Energy, which designs, manufactures and implements energy management systems consisting primarily of high-performance, energy efficient lighting systems, controls and related services, and certain of its officers and directors (collectively, "Defendants"), for violations of the federal securities laws stemming from Defendants' material misrepresentations and omissions in its offering Prospectus regarding a sudden change in its business model announced shortly after the conclusion of the IPO, but nowhere mentioned in the Registration Statement. The actions are brought on behalf of all persons and entities who purchased or otherwise acquired Orion Energy securities between December 18, 2007, the date of the Company's initial public offering ("IPO"), and February 6, 2008, (the "Class Period"). Defendants failed to disclose in the Registration Statement that the Company's business model had changed, yet proceeded with the IPO anyway. This caused substantial damages to the Class upon disclosure of the truth on February 7, 2008.

On February 11, 2008, a complaint was filed in this Action in the United States District Court for the Southern District of New York, asserting claims under the Securities Act. Two other later filed actions are pending in this District.

Pursuant to the PSLRA, this Court should appoint the "most adequate plaintiff" to serve as Lead Plaintiff in the action. 15 U.S.C. § 77z-1(a)(3)(B)(i). In that regard, the Court should determine, among other things, which movant has the "largest financial interest" in the relief sought by the Class in this litigation and has made a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The Elder Group suffered estimated losses of $24,526. To the best of its knowledge, the Elder Group's losses represent the largest known financial interest of any Class member seeking to be appointed as lead plaintiff. The Elder Group is not aware of any other class member that has filed an action or filed an application for appointment as lead plaintiff that has sustained greater financial losses. In addition, the Elder Group satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and, therefore, is qualified for appointment as lead plaintiff in the Action. Thus, as demonstrated herein, the Elder Group is the presumptive "most adequate plaintiff" and should be appointed Lead Plaintiff.

## STATEMENT OF FACTS

This is a class action on behalf of a class of purchasers of Orion Energy common stock from the date of the initial public offering ("IPO") on December 18, 2007 through February 6, 2008, the last trading day prior to the revelation of adverse news about the Company and its unexpected adoption of a "new business model" which would adversely affect revenues in the final quarter of the 2008 fiscal year, as the Company switched to "aggressive" marketing of a new product line. This adverse news caused Orion Energy's share price to fall $6.39 in one trading day, or 43%, to close at $8.51 on February 7, 2008.

The IPO Prospectus, issued just weeks earlier, said nothing about an impending radical and risky shift in the Company's business model, and instead described a Company with a steady

2

business, constantly increasing revenues, and a stable product line. The IPO, commencing on December 18, 2007, involved the sale of 8.8 million shares to members of the investing public at a price of $13 per share, netting the Company $78.8 million in proceeds. In connection with the IPO, certain insiders sold shares. These included Chief Executive Officer and President Neal R. Verfuerth and family, who sold 606,510 shares for gross proceeds of approximately $7.8 million; Director Diana Propper de Callejon, who sold 1,009,091 beneficially owned shares, for gross proceeds of approximately $13 million; Director Michael J. Potts, who sold 80,698 shares, for gross proceeds of approximately $1 million; and Director Patrick J. Trotter, who sold 51,479 shares, for gross proceeds of approximately $650,000.

This action arises under Section 11 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77k. Under Section 11, with respect to a Registration Statement and Prospectus for an IPO (which shall hereinafter be collectively referred to at times as "the Prospectus"), directors and underwriters are strictly liable for failure to craft that Prospectus in a way which fully and accurately informs investors of all material facts and industry trends affecting the issuer company subject to certain affirmative defenses. The issuer itself is held to strict liability for any material misrepresentations or omissions from the offering Prospectus. This Complaint asserts that the Orion Energy Prospectus contained material misstatements and omissions, which when revealed led to the Class suffering losses and being damaged. It further asserts that the director defendants named in the complaints and the underwriters could have and should have discovered these facts, and included them in the Prospectus, but failed to do so due to a negligent and inadequate "due diligence" investigation.

Orion Energy's business, according the Prospectus, is to "design, manufacture and implement energy management systems consisting primarily of high-performance, energy efficient lighting

systems, controls and related services." The Prospectus stated that the Company's business model was based on sales of high intensity fluorescent ("HIF") lighting systems, which systems incorporate traditional core components and include complementary products such as: (a) "our InteLite intelligent lighting controls" and (b) "our Apollo Light Pipe, which collects and focuses daylight without consuming electricity." The Prospectus made brief and casual mention of a new and seemingly complementary product line, known as "Wireless Controls":

> We are currently in the final stages of testing our wireless control devices. These devices will allow our customers to remotely communicate with and give commands to individual light fixtures through web-based software, and will allow the customer to configure and easily change the control parameters of each individual sensor based on a variety of inputs and conditions. We expect to begin selling these products in fiscal 2008.

Nothing in the Prospectus indicated any need, desire or plan for the Company to change its course and adopt a radically new business model, which would negatively impact future receipts, and involve the aggressive marketing of a new line of products never before market tested. Indeed, in discussing the IPO's "Use of Proceeds", investors were told that the future would be business as usual, as the Prospectus stated that: "The principal purposes for this offering are to generate funds for working capital and general corporate purposes, including to fund potential future acquisitions, and to create a public market for our common stock."

On February 6, 2008, after the close of market trading, Orion shocked investors with the news (conveyed principally by management during a conference call), that Orion's history of sequentially higher revenues was about to be reversed in the present quarter due to the Company's pursuit of a previously-undisclosed "new business model" involving the "aggressive" sale of second and third generation products which had not yet gained market acceptance. This business focus was materially different than what had been described in the Prospectus scant weeks before, and involved

4

significantly greater risk. Moreover, it appeared that the Use of Proceeds section of the Prospectus was materially misleading as the primary use of the proceeds of the IPO will, in truth and in fact, be to launch this new and different business model, and switch gears from the business and product focus described in the Prospectus. Nor did the Prospectus discuss or disclose the inadequacy of the Company's sales force to sell existing product lines, and to support sales under the new business model without adversely affecting organic sales growth, at least in the near-term. Thus as alleged, the representations made in connection with the sale of Orion Energy common stock in the IPO were materially false or misleading.

The revelations discussed above were so at odds with the Prospectus that the resultant stock drop eradicated $160 million in Company and shareholder value in just one day, leaving Orion with a market value of just $216 million. Orion Energy shares have not substantially recovered.

## ARGUMENT

### I. THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Plaintiff has moved to consolidate all related actions. The Actions each assert claims on behalf of the purchasers of Orion Energy stock for alleged violations of the Securities Act during the relevant time period. The actions name similar defendants and involve the same factual and legal issues. They are each brought by investors who purchased Orion Energy stock pursuant to the misleading Registration statement. Consolidation is appropriate where there are actions involving common questions of law or fact. Fed.R.Civ.P. 42(a). See *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284 (3rd Cir.); cert. *denied,* 498 U.S. 920 (1990). That test is met here and, accordingly, the actions should be consolidated.

5

## II.     THE ELDER GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A.     The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 77z-1(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 77z-1 (a)(3)(A)(i). The plaintiff which filed the complaint in this Action published a notice on *PrimeNewswire* on February 11, 2008. See Jacobs Decl. Ex. C. This notice indicated that applications for appointment as lead plaintiff were to be made no later than April 11, 2008. Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 77z-1 (a)(3)(A) and (B).

Next, according to the PSLRA, the Court shall appoint as lead plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency. 15 U.S.C. § 77z-1 (a)(3)(B)(i). In determining who is the "most adequate plaintiff," the Securities Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . .
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

6

15 U.S.C. § 77z-1 (a)(3)(B)(iii); *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006).

### B. The Elder Group is the "Most Adequate Plaintiff"

#### 1. The Elder Group Has Made a Motion for Appointment as Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, the Elder Group timely moves this Court to be appointed lead plaintiff on behalf of all plaintiffs and class members covered by the Action and any other actions deemed related by this Court.

#### 2. The Elder Group Has the Largest Financial Interest

During the relevant period, as evidenced by, among other things, the accompanying signed certifications, *see* Jacobs Decl. Ex. A, the Elder Group incurred a substantial $24,526 loss on its transactions in Orion Energy shares. *See* Jacobs Decl. Ex. B. In sum, pursuant to 15 U.S.C. § 77z-1 (a)(3)(B), the Elder Group is believed to have the largest financial interest and should be appointed Lead Plaintiff in this Action.

#### 3. The Elder Group Otherwise Satisfies Rule 23

According to 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

7

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *see also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004) (same). As detailed below, the Elder Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

### (a) The Elder Group Fulfills the Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists "where the claims of the Lead Plaintiff arise from the same course of conduct that gives rise to the claims of the other class members, where these claims are based on the same legal theory, and where the class members and Lead Plaintiff were injured by the same conduct." *Glauser*, 236 F.R.D at 188-89. However, the claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality. *See Sczensy Trust*, 223 F.R.D. at 325.

The Elder Group seeks to represent a class of purchasers of Orion Energy securities which have identical, non-competing and non-conflicting interests. The Elder Group satisfies the typicality requirement because it: (1) purchased or acquired Orion Energy securities during the Class Period; (2) as a result of a materially misleading Registration statement; and (3) suffered damages when the truth was disclosed. *See Glauser*, 236 F.R.D. at 189 (discussing typicality requirement). Thus, the Elder Group's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

8

### (b) The Elder Group Fulfills the Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." In order to meet the adequacy requirement, "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation." *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 413 (S.D.N.Y. 2004) (Sweet, J.). The Elder Group's interests in this action are perfectly aligned with the interests of absent class members, and Paskowitz & Associates, their selected lead counsel, has decades of experience in effectively prosecuting securities class actions. Accordingly, the Court can be assured that the Elder Group and their selected counsel will more than adequately protect the interests of absent class members.

## III. THE COURT SHOULD APPROVE THE ELDER GROUP'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. *See Weiss v. Friedman, Billings, Ramsey Group, Inc.*, 2006 U.S. Dist. LEXIS 3028 at *20 (S.D.N.Y. 2005) Paskowitz & Associates has had a leading role in numerous important actions on behalf of defrauded investors as its firm resume reflects. (*See* Jacobs Decl. Ex. D.) Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

Because there is nothing to suggest that the Elder Group or its counsel will not fairly and adequately represent the Class, or that the Elder Group is subject to unique defenses – which is the only evidence that can rebut the presumption of adequacy under the Securities Act – this Court should appoint the Elder Group as lead plaintiff and approve its selection of Paskowitz & Associates to serve as Lead Counsel for the Class.

## CONCLUSION

For the foregoing reasons, the Elder Group respectfully requests that the Court: (A) consolidate the related actions; (B) appoint the Elder Group as Lead Plaintiff; and (C) approve Paskowitz & Associates as Lead Counsel for the Class.

Dated: April 11, 2008                                             Respectfully submitted,

                                                  **PASKOWITZ & ASSOCIATES**

                                                  By: _____
                                                      Laurence D. Paskowitz (LP-7234)
                                                      Roy L. Jacobs (RLJ-0286)
                                                      60 East 42nd St.
                                                      46th Floor
                                                      New York, New York 10165
                                                      Telephone:    212-685-0969
                                                      Facsimile:     212-682-3544

                                                  *Counsel for the Elder Group and*
                                                  *Proposed Lead Counsel*