UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AFSHIN MONSEFI, Individually And On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>  vs.<br><br>ORION ENERGY SYSTEMS, INC., NEAL R. VERFUERTH, DANIEL J. WAIBEL, THOMAS A. QUADRACCI, MICHAEL J. POTTS, DIANA PROPPER de CALLEJON, JAMES R. CACKLEY, ECKHART G. GROHMANN, PATRICK J. TROTTER, THOMAS WEISEL PARTNERS, LLC, CANACCORD ADAMS, INC., and PACIFIC GROWTH EQUITIES, LCC,<br><br>        Defendants. | DOCKET NUMBER: 08-cv-01328<br><br>HON. RICHARD J. SULLIVAN |

(Caption continued on the following page)


**MEMORANDUM IN SUPPPORT OF THE MOTION OF WALTER MILBRATH TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

| | |
|---|---|
| JASON ALLEN, Individually And On Behalf of All Others Similarly Situated, | DOCKET NUMBER: 08-cv-01992 |
| Plaintiff, | |
| vs. | HON. RICHARD J. SULLIVAN |
| ORION ENERGY SYSTEMS, INC., NEAL R. VERFUERTH, DANIEL J. WAIBEL, THOMAS A. QUADRACCI, MICHAEL J. POTTS, DIANA PROPPER de CALLEJON, JAMES R. CACKLEY, ECKHART G. GROHMANN, PATRICK J. TROTTER, THOMAS WEISEL PARTNERS, LLC, CANACCORD ADAMS, INC., and PACIFIC GROWTH EQUITIES, LCC, | |
| Defendants. | |
| WILLIAM JENNINGS GOLSTON, Individually And On Behalf of All Others Similarly Situated, | DOCKET NUMBER: 08-cv-02984 |
| Plaintiff, | |
| vs. | HON. RICHARD J. SULLIVAN |
| ORION ENERGY SYSTEMS, INC., NEAL R. VERFUERTH, DANIEL J. WAIBEL, THOMAS A. QUADRACCI, MICHAEL J. POTTS, DIANA PROPPER de CALLEJON, JAMES R. CACKLEY, ECKHART G. GROHMANN, PATRICK J. TROTTER, THOMAS WEISEL PARTNERS, LLC, CANACCORD ADAMS, INC., and PACIFIC GROWTH EQUITIES, LCC, | |
| Defendants. | |

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT……………………………………………………………1

PROCEDURAL BACKGROUND…………………………………………………………..2

STATEMENT OF FACTS…………………………………………………………………..3

ARGUMENT………………………………………………………………………………...5

    I.     THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS…………….5

    II.    WALTER MILBRATH SHOULD BE APPOINTED LEAD PLAINTIFF………….6

        A.     The Procedural Requirements Pursuant to the PSLRA…………………………...6

        B.     Walter Milbrath is "The Most Adequate Plaintiff"…………...........................7

             1.     Walter Milbrath Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff……………………………………………………..7

             2.     Walter Milbrath Has the Largest Financial Interest………………………8

             3.     Walter Milbrath Satisfies the Requirements of Rule 23………………….8

                 i.  Walter Milbrath's Claims are Typical of the Claims of all the Class Members……………………………...…………………………......9

                ii.  Walter Milbrath Will Adequately Represent the Class……………...10

    III.   THE COURT SHOULD APPROVE WALTER MILBRATH'S CHOICE OF LEAD COUNSEL …………………………………………………………………..11

CONCLUSION……………………………………………………………………………..11

**PRELIMINARY STATEMENT**

Walter Milbrath ("Mr. Milbrath" or "Movant") hereby moves to consolidate various related securities class actions filed against Orion Energy Systems, Inc.[1] ("Orion" or the "Company") and other Defendants, to be appointed Lead Plaintiff in this action pursuant to §27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 ("PLSRA"), and for approval of his selection of the law firm of Kahn Gauthier Swick, LLC, as Lead Counsel for the Class in this case.

Mr. Milbrath fully understands his duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action. As described in the Certification attached to the Declaration of Kim E. Miller in Support of the Motion of Walter Milbrath to Consolidate All Related Actions, To Be Appointed Lead Plaintiff, and To Approve Proposed Lead Plaintiff's Choice of Counsel ("Miller Decl.") at Exhibit A, Mr. Milbrath has suffered losses of $21,000 as a result of his purchases of shares of Orion common stock pursuant or traceable to the Company's December 18, 2007 Initial Public Offering (the "IPO" or the "Offering") through February 6, 2008, inclusive (the "Class Period"). To the best of his knowledge, Mr. Milbrath has sustained the largest loss of any investor seeking to be appointed as Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, Mr. Milbrath's Certification demonstrates his intent to serve as Lead Plaintiff in this litigation,

---

[1] The related securities class actions include the following cases: *Afshin Monsefi v. Orion Energy Systems, Inc., et al*, 08-cv-01328 (filed February 11, 2008); *Jason Allen v. Orion Energy Systems, Inc., et al,* 08-cv-1992 (filed February 28, 2008); *William Jennings Golston v. Orion Energy Systems, Inc., et al*, 08-cv-2984 (filed March 24, 2008).

including his cognizance of the duties of serving in that role.[2]  Moreover, Mr. Milbrath satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and is presumptively the "most adequate plaintiff."

Accordingly, Mr. Milbrath respectfully submits this memorandum of law in support of his motion, pursuant to §27(a)(3)(B) of the Securities Act, as amended by the PSLRA, for an order: (1) consolidating all related actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Mr. Milbrath as Lead Plaintiff in this action pursuant to Section 27(a)(3)(B) of the Securities Act; and (3) approving Movant's selection of the law firm of Kahn Gauthier Swick, LLC as Lead Counsel for the Class.

## PROCEDURAL BACKGROUND

The first lawsuit against defendants, *Afshin Monsefi v. Orion Energy Systems, Inc., et al*, 08-cv-01328, was filed on behalf of plaintiff Afshin Monsefi in the Southern District of New York on February 11, 2008.  Pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i), on February 11, 2008, the first notice that a class action had been initiated against Defendants was published on *Prime Newswire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than April 11, 2008.  *See* Miller Decl. at Exhibit B.

Mr. Milbrath is a Class Members (*see* Miller Decl. at Exhibit A) who has timely filed this motion within the 60 day period following publication of the February 11, 2008 notice.

---

[2] The relevant federal securities laws specifically authorize any Class Member seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii).  A copy of Mr. Milbrath's Certification of his transactions in Orion securities during the Class Period is attached as Exhibit A to the Miller Declaration that has been filed in support of this motion.

# STATEMENT OF FACTS[3]

Orion Energy's business, according the Prospectus, is to "design, manufacture and implement energy management systems consisting primarily of high-performance, energy efficient lighting systems, controls and related services." The Prospectus stated that the Company's business model was based on sales of high intensity fluorescent ("HIF") lighting systems, which systems incorporate traditional core components and include complementary products such as: (a) "our InteLite intelligent lighting controls" and (b) "our Apollo Light Pipe, which collects and focuses daylight without consuming electricity."

On February 7, 2008, Orion revealed to investors adverse news about the Company and its unexpected adoption of a "new business model" which would adversely affect revenues in the final quarter of the 2008 fiscal year, as the Company switched to "aggressive" marketing of a new product line. This adverse news caused the price to fall $6.39 in one trading day, or 43%, to close at $8.51 on February 7, 2008. The IPO Prospectus, issued just weeks earlier, said nothing about an impending radical and risky shift in the Company's business model, and instead described a Company with a steady business, constantly increasing revenues, and a stable product line. The IPO, commencing on December 18, 2007, involved the sale of 8.8 million shares to members of the investing public at a price of $13 per share, netting the Company $78.8 million in proceeds. In connection with the IPO, certain insiders sold shares. These included Chief Executive Officer and President Neal R. Verfuerth and family, who sold 606,510 shares for gross proceeds of approximately $7.8 million; Director Diana Propper de Callejon, who sold 1,009,091 beneficially owned shares, for gross proceeds of approximately $13 million; Director Michael J. Potts, who sold 80,698 shares, for gross proceeds of approximately $1 million; and

---

[3] These facts were derived from the allegations contained in the class action styled as *Afshin Monsefi v. Orion Energy Systems, Inc., et al*, 08-cv-01328 (filed February 11, 2008).

3

Director Patrick J. Trotter, who sold 51,479 shares, for gross proceeds of approximately $650,000. Nothing in the Prospectus indicated any need, desire or plan for the Company to change its course and adopt a radically new business model, which would negatively impact future receipts, and involve the aggressive marketing of a new line of products never before market tested. Indeed, in discussing the IPO's "Use of Proceeds", investors were told that the future would be business as usual, as the Prospectus stated that: "The principal purposes for this offering are to generate funds for working capital and general corporate purposes, including to fund potential future acquisitions, and to create a public market for our common stock."

On February 6, 2008, after the close of market trading, Orion shocked investors with the news that Orion's history of sequentially higher revenues was about to be reversed in the present quarter due to the Company's pursuit of a previously-undisclosed "new business model" involving the "aggressive" sale of second and third generation products which had not yet gained market acceptance. This business focus was materially different than what had been described in the Prospectus scant weeks before, and involved significantly greater risk. Moreover, it appeared that the Use of Proceeds section of the Prospectus was materially misleading as the primary use of the proceeds of the IPO will, in truth and in fact, be to launch this new and different business model, and switch gears from the business and product focus described in the Prospectus. Nor did the Prospectus discuss or disclose the inadequacy of the Company's sales force to sell existing product lines, and to support sales under the new business model without adversely affecting organic sales growth, at least in the near-term.

Thus, the representations made in connection with the sale of Orion Energy common stock in the IPO were materially false or misleading. The matters and business necessities discussed above, all of which existed at the time of the IPO, could have been ascertained through

4

appropriate and reasonable investigation and due diligence by Orion's directors, and the IPO underwriters. Orion is strictly liable for its failure to disclose and discuss these matters.

## ARGUMENT

### I.  THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of the securities class actions is appropriate where, as here, the actions involve common questions of law and fact.  Both the Federal Rules of Civil Procedure (Fed. R. Civ. P. 42(a))[4] and the PSLRA provide for consolidation of related actions brought under the federal securities laws.  Section 77z-1(a)(3)(B)(ii) of the Securities Act addresses the issue of consolidation of related securities actions:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not make the determination [of appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered.

The related actions are perfectly suited for consolidation.  The class actions contain very similar allegations charging the Company and key executives with making false and misleading statements, and omitting material information concerning the Company's financial health during the relevant period.  The Complaints allege the same class periods and the same Defendants. The class actions involve common legal issues and assert claims under Section 11 of the Securities Act.[5]  "While district courts have 'broad discretion' in determining the propriety of consolidation, this Court has recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are 'based on the same public statements and

---

[4] Fed. R. Civ. P. 42(a):  Consolidation.  When actions involving a common question of law or fact are pending before the Court…it may order all the actions consolidated.

[5] This assessment is based upon a review of all of the related complaints currently available on PACER.

5

reports." *Glauser v. EVCI Career Colleges Holding Corp.*, No. 05-cv-10240, 2006 WL 1302265, at *3 (S.D.N.Y. May 9, 2006). Accordingly, this Court should consolidate the related actions.

## II. WALTER MILBRATH SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 77z-1(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Prime Newswire* on February 11, 2008. *See* Miller Decl. Exhibit B.[6] This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than April 11, 2008. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 77z-1(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members. 15 U.S.C. § 77z-1(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the acts provide that:

---

[6] *Prime Newswire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 02-cv-8264, 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-cv-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. August 6, 1997).

6

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> > (aa)  has either filed the complaint or made a motion in response to a notice…
> >
> > (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii). *See In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

### B.  Walter Milbrath is "The Most Adequate Plaintiff"

#### 1.  Walter Milbrath Has Complied With the PLSRA and Should Be Appointed Lead Plaintiff

Mr. Milbrath moves this Court to be appointed Lead Plaintiff and has timely filed the instant motion to be appointed Lead Plaintiff within the 60-day time period requirement. The plaintiff in the first-filed action published notice on *Prime Newswire*, a national business-oriented wire service, on February 11, 2008. Accordingly, Mr. Milbrath meets the requirement of 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa) and has filed his motion by April 11, 2008.

Moreover, Mr. Milbrath has sustained a substantial loss from his investment in Orion stock and has shown his willingness to represent the Class by signing a Certification detailing his Orion transaction information during the Class Period. *See* Miller Decl. Exhibit A. As demonstrated by his Certification, Mr. Milbrath is prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of counsel's advice. In addition, Mr. Milbrath has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The

firm biography of proposed Lead Counsel, Kahn Gauthier Swick, LLC, is attached as Exhibit C to the Miller Declaration.

### 2. Walter Milbrath Has the Largest Financial Interest

According to 15 U.S.C. § 77z-1(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See Sofran*, 220 F.R.D. at 401; *see also, Lee v. Axonyx, Inc., et al.*, No. 7:05-cv-2307, slip. Op., at pg. 8 (S.D.N.Y. Jan. 27, 2006) (Griesa, J.) (appointing movant with the largest financial interest). As demonstrated herein, Movant (with losses of $21,000) has the largest known financial interest in the relief sought by the Class. *See* Miller Decl. Exhibit A.

### 3. Walter Milbrath Satisfies the Requirements of Rule 23

According to 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Oxford Health*, 182 F.R.D. at 49 (holding that

8

typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *See also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003), citing *In re Party City*, 189 F.R.D. at 106 ("In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification."). As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff. Mr. Milbrath has claims that are typical of those of other Class Members and can adequately serve as Lead Plaintiff.

             i.       **Walter Milbrath's Claims Are Typical of the Claims of All the Class Members**

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001), citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980); *see also, Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

In this case, the typicality requirement is met because Mr. Milbrath's claims are identical, non-competing and non-conflicting with the claims of the other Class Members. Mr. Milbrath and all of the Class Members purchased Orion securities pursuant or traceable to the Company's

9

December 18, 2007 IPO and through February 6, 2008, when the stock prices were artificially inflated as a result of the Defendants' misrepresentations and omissions, and thus, both Mr. Milbrath and the Class Members suffered damages as a result of these purchases. Simply put, Mr. Milbrath, like all other Class Members: (1) purchased Orion stock during the Class Period; (2) purchased Orion stock at artificially-inflated prices as a result of Defendants' misrepresentations and omissions; and (3) suffered damages thereby. Mr. Milbrath's claims and injuries "arise from the same conduct from which the other class members' claims and injuries arise." *Oxford Health*, 182 F.R.D. at 50. Mr. Milbrath is not subject to any unique or special defenses. Thus, Mr. Milbrath meets the typicality requirement of Fed. R. Civ. P. Rule 23, because his claims are the same as the claims of the other Class Members.

### ii.    Walter Milbrath Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 77z-1(a)(3)(B).

Mr. Milbrath's interests are clearly aligned with the members of the Class because his claims are identical to the claims of the Class. There is no evidence of antagonism between his interests and those of the proposed Class Members. Furthermore, Mr. Milbrath has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss he incurred as a result of the wrongful conduct alleged herein. This

motivation, combined with Mr. Milbrath's identical interest with the members of the Class, clearly shows that Mr. Milbrath will adequately and vigorously pursue the interests of the Class. In addition, Mr. Milbrath has selected a law firm that is highly experienced in prosecuting securities class actions such as this one to represent him.

In sum, because of Mr. Milbrath's common interests with the Class Members, his clear motivation and ability to vigorously pursue this action, and his competent counsel, the adequacy requirement of Fed. R. Civ. P. Rule 23(a) is met in this case. Therefore, since Mr. Milbrath not only meets both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, he is, in accordance with 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.

### III.  THE COURT SHOULD APPROVE WALTER MILBRATH'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v). Thus, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Mr. Milbrath has selected Kahn Gauthier Swick, LLC, to serve as proposed Lead Counsel for the Class. This firm has not only prosecuted complex securities fraud actions, but has also successfully prosecuted many other types of complex class actions. *See* Miller Decl. Exhibit C. This Court may be assured that in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation.

### CONCLUSION

For all of the foregoing reasons, Mr. Milbrath respectfully requests that this Court: (1) consolidate all related actions, (2) appoint Mr. Milbrath to serve as Lead Plaintiff in this action;

(3) approve Mr. Milbrath's selection of Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: April 11, 2008               Respectfully submitted,


                                    KAHN GAUTHIER SWICK, LLC

                                      /s/  Kim E. Miller
                                    Michael A. Swick  (MS-9970)
                                    Kim E. Miller (KM-6996)
                                    12 East 41st Street, 12th Floor
                                    New York, NY 10017
                                    Telephone:   (212) 696-3730
                                    Facsimile:   (504) 455-1498

                                    And

                                    KAHN GAUTHIER SWICK, LLC
                                    Lewis S. Kahn
                                    650 Poydras St., Suite 2150
                                    New Orleans, Louisiana 70130
                                    Telephone (504) 455-1400
                                    Facsimile: (504) 455-1498

                                    *Counsel for Walter Milbrath and Proposed
                                    Lead Counsel for the Class*


## CERTIFICATE OF SERVICE

I hereby certify that this Memorandum was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on April 11, 2008.

                                      /s/ Kim E. Miller
                                    Kim E. Miller