UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
AFSHIN MONSEFI, Individually and on      : Civil Actions No. 1:08-cv-01328-RJS
Behalf of All Those Similarly Situated,  :
                                         : <u>CLASS ACTION</u>
            Plaintiff,                   :
                                         :
    vs.                                  :
                                         :
ORION ENERGY SYSTEMS, INC., et al.,      :
                                         :
            Defendants.                  :
---------------------------------------- :
JASON ALLEN, Individually and On Behalf  : Civil Actions No. 1:08-cv-01992-RJS
of All Others Similarly Situated,        :
                                         : <u>CLASS ACTION</u>
            Plaintiff,                   :
                                         :
    vs.                                  :
                                         :
ORION ENERGY SYSTEMS, INC., et al.,      :
                                         :
            Defendants.                  :
---------------------------------------- :
WILLIAM JENNINGS GOLSTON, On Behalf      : Civil Actions No. 1:08-cv-02984-UA
of Himself and All Others Similarly Situated, :
                                         : <u>CLASS ACTION</u>
            Plaintiff,                   :
                                         :
    vs.                                  :
                                         :
ORION ENERGY SYSTEMS, INC., et al.,      :
                                         :
            Defendants.                  :
---------------------------------------- x

MEMORANDUM IN SUPPORT OF THE MOTION OF IRON WORKERS LOCAL NO. 25
PENSION FUND FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND
FOR APPROVAL OF SELECTION OF LEAD COUNSEL

**I.     PRELIMINARY STATEMENT**

Presently pending before this Court are at least three-related securities class action lawsuits (the "Actions") brought on behalf of all persons, other than defendants, who purchased the common stock of Orion Energy Systems, Inc. ("Orion" or the "Company") pursuant and/or traceable to the Company's initial public offering on or about December 18, 2007 (the "IPO" or the "Offering"). The Actions alleges violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. §§77k, 77l(a)(2) and 77o), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

Institutional Investor Iron Workers Local No. 25 Pension Fund ("Iron Workers") hereby moves this Court for an Order to: (i) consolidate the Actions; (ii) appoint Iron Workers as Lead Plaintiff in the Actions under Section 27 of the Securities Act; and (iii) approve Iron Workers' selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel.

This motion is made on the grounds that Iron Workers is the most adequate plaintiff, as defined by the PSLRA. Iron Workers is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.,* No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as an institutional investor, Iron Workers is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the Class.

During the Class Period, Iron Workers incurred a substantial $128,151.77 loss on its transactions in Orion shares. *See* Alba Decl., Ex. B.[1] To the best of its knowledge, this is the greatest loss sustained by any moving Class member or Class member group who has brought suit or filed an application to serve as Lead Plaintiff in these Actions. In addition, Iron Workers, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative Class and that it will fairly and adequately represent the interests of the Class.

## II.    FACTUAL BACKGROUND

Orion is a power technology enterprise that designs, manufactures and implements energy management systems, consisting primarily of high-performance, energy efficient lighting systems, controls and related services, for commercial and industrial customers.

The Complaint charges Orion and certain of its officers and directors with violations of the Securities Act. The Complaint alleges that, in connection with the Company's IPO, defendants failed to disclose or indicate that the Company was planning to drastically alter its business model in a way that would have significant adverse affects on earnings and revenues.

On December 18, 2007, the Company conducted its IPO. The IPO was a financial success for the Company, as it was able to raise $100 million by selling 7.69 million shares of stock to the public at a price of $13 per share. On February 6, 2008, the Company announced that it was significantly altering its business model to involve the sale of products which had not yet gained market acceptance. This involved far greater risk than the business model set forth in the

---

[1] References to the "Alba Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of Mario Alba Jr., dated April 11, 2008, and submitted herewith.

Registration Statement issued just weeks before and would result in a reverse of sequentially high revenue trends.

In response to this news, shares of the Company's stock declined $6.39 per share, or over 40%, to close at $8.51 per share, on unusually heavy trading volume.

## III. ARGUMENT

### A. The Actions Should Be Consolidated For All Purposes

The Actions each assert class claims on behalf of the purchasers of Orion shares for alleged violations of the Securities Act during the relevant time period. The Actions name the same defendants and involve the same factual and legal issues. They are each brought by investors who purchased Orion shares during the relevant time period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of Orion securities at all relevant times. Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P. 42 (a). *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

### B. Iron Workers Should Be Appointed Lead Plaintiff

#### 1. The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1 and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §77z-1(a)(3)(A)(i). Plaintiff in the action entitled *Afshin Monsefi vs. Orion*

*Energy Systems, Inc., et al.*, Civil Action No. 1:08-cv-01328-RJS, caused the first notice regarding the pendency of these Actions to be published on *Prime Newswire*, a national, business-oriented newswire service, on February 11, 2008. *See* Alba Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§77z-1(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §77z-1(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that:
>
> (aa) has either filed the complaint or made a motion in response to a notice...;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. Iron Workers Satisfies the "Lead Plaintiff" Requirements of the Securities Act

#### a. Iron Workers Has Complied with the Securities Act and Should Be Appointed Lead Plaintiff

The time period in which Class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on April 11, 2008. Pursuant to the provisions of

the PSLRA and within the requisite time frame after publication of the required notice on February 11, 2008, Iron Workers timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the Class.

Iron Workers has duly signed and filed a certification stating that it is willing to serve as a representative party on behalf of the Class. *See* Alba Decl., Ex. C. In addition, Iron Workers has selected and retained competent counsel to represent itself and the Class. *See* Alba Decl., Ex. D. Accordingly, Iron Workers has satisfied the individual requirements of 15 U.S.C. §77z-1(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and approval of selection of Lead Counsel, as set forth herein, considered and approved by the Court.

### b.    Iron Workers Is Precisely the Type of Lead Plaintiff Congress Envisioned When it Passed the PSLRA

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. Iron Workers, as an institutional investor, is precisely the type of Lead Plaintiff Congress envisioned when it passed the PSLRA. *See id.*

### c.     Iron Workers Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Alba Decl., Ex. C, Iron Workers incurred a substantial $128,151.77 loss on its transactions in Orion shares.  *See* Alba Decl., Ex. B.  Iron Workers thus has a significant financial interest in this case.  Therefore, Iron Workers satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §77z-1(a)(3)(B).

### d.     Iron Workers Otherwise Satisfies Rule 23

According to 15 U.S.C. §77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  *See Lax v. First Merchants Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *20 (N.D. Ill. Aug. 11, 1997).  Iron Workers satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. Labranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari,* 2004 U.S. Dist. LEXIS 13898, at *18.

Iron Workers satisfies this requirement because, just like all other Class members, it: (1) purchased Orion shares during the Class Period; (2) was adversely affected by defendants' false and misleading prospectus; and (3) suffered damages as a result thereof. Thus, Iron Workers' claims are typical of those of other Class members since its claims and the claims of other Class members arise out of the same course of events.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Iron Workers to represent the Class to the existence of any conflicts between the interest of Iron Workers and the members of the Class. The Court must evaluate adequacy of representation by considering: (i) whether the Class representatives' claims conflict with those of the Class; and (ii) whether Class counsel is qualified, experienced, and generally able to conduct the litigation. *See In*

*re Global Crossing Sec. & ERISA Litig.*, No. 02 MD 1472 (GEL), 2004 U.S. Dist. LEXIS 23946, at *53 (S.D.N.Y. Nov. 24, 2004).

Here, Iron Workers is an adequate representative of the Class. As evidenced by the injuries suffered by Iron Workers and the Class, the interests of Iron Workers are clearly aligned with the members of the Class, and there is no evidence of any antagonism between Iron Workers' interests and those of the other members of the Class. Further, Iron Workers has taken significant steps which demonstrate it will protect the interests of the Class: it has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Iron Workers' proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Iron Workers *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C.    The Court Should Approve Iron Workers' Choice of Counsel

Pursuant to 15 U.S.C. §77z-1(a)(3)(B)(v), the proposed lead plaintiff shall, subject to court approval, select and retain counsel to represent the class he seeks to represent. In that regard, Iron Workers has selected the law firm of Coughlin Stoia as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Secs. Litig.*, No. H-01-3624, 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005), in which Coughlin Stoia has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action. *See* Alba Decl., Ex. D. Specifically, the court in *Enron* stated:

> "The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit."

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, No. H-01-3624, 2006 U.S. Dist. LEXIS 43146, at *77 (S.D. Tex. June 5, 2006).

Accordingly, the Court should approve Iron Workers' selection of counsel.

## IV.  CONCLUSION

For all the foregoing reasons, Iron Workers respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint Iron Workers as Lead Plaintiff in the Actions; (iii) approve its selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

DATED:  April 11, 2008

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.


/s/ *Mario Alba Jr.*
MARIO ALBA JR.

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiffs

I:\Orion Energy\LP Motion\LP Memo.doc

## CERTIFICATE OF SERVICE

I, Mario Alba Jr., hereby certify that, on April 11, 2008, I caused a true and correct copy of the attached:

> Notice of Motion for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel;
>
> Memorandum in Support of the Motion of Iron Workers Local No. 25 Pension Fund for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel; and
>
> Declaration of Mario Alba Jr. in Support of the Motion of Iron Workers Local No. 25 Pension Fund for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel,

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel.

                                                    */s/ Mario Alba Jr.*
                                                    Mario Alba Jr.

ORION ENERGY SYSTEMS
Service List - 4/10/2008   (08-0065)
Page 1 of 2

**Counsel For Defendant(s)**

Robert A. Scher
Foley & Lardner LLP
90 Park Avenue
New York, NY  10016
  212/682-7474
  212/687-2329 (Fax)


**Counsel For Plaintiff(s)**

Evan J. Smith
Brodsky & Smith, LLC
240 Mineola Blvd., 1st Floor
Mineola, NY  11501
  516/741-4977
  516/741-0626 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
  631/367-7100
  631/367-1173 (Fax)

Jeffrey A. Klafter
Klafter & Olsen LLP
1311 Mamaroneck Avenue, Suite 220
White Plains, NY  10605
  914/997-5656
  914/997-2444 (Fax)

Kurt B. Olsen
Klafter & Olsen LLP
1250 Connecticut Avenue, N.W.
Suite 200
Washington, DC  20036
  202/261-3553
  202/261-3533 (Fax)

Laurence D. Paskowitz
Paskowitz & Associates
60 East 42nd Street, 46th Floor
New York, NY  10165
  212/685-0969
  212/685-2306 (Fax)

Roy L. Jacobs
Roy Jacobs & Associates
60 East 42nd Street, 46th Floor
New York, NY  10165
  212/867-1156
  212/504-8343 (Fax)

ORION ENERGY SYSTEMS

Service List -  4/10/2008     (08-0065)

Page 2 of  2

Richard A. Maniskas
D. Seamus Kaskela
David M. Promisloff
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA  19087
   610/667-7706
   610/667-7056 (Fax)