UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK

———————————

N⁰ 08 Civ. 1328 (RJS)

———————————

IN RE ORION SECURITIES LITIGATION

———————————

MEMORANDUM AND ORDER
July 7, 2008

———————————

RICHARD J. SULLIVAN, District Judge:

This order concerns three related securities class action lawsuits brought on behalf of all persons, other than defendants, who purchased the common stock of Orion Energy Systems, Inc. ("Orion" or the "Company") pursuant and/or traceable to Orion's initial public offering on or about December 18, 2007 (the "IPO"). The Actions allege violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k, 77*l*(a)(2), and 77o, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). These individual actions are: *Monsefi v. Orion Energy Systems, Inc., et al.*, No. 08 Civ. 1328 (RJS) ("*Monsefi*"), *Allen v. Orion Energy Systems, Inc., et al.*, No. 08 Civ. 1992 (RJS) ("*Allen*"), and *Golston v. Orion Energy Systems, Inc., et al.*, No. 08 Civ. 2984 (RJS) ("*Golston*"). Before the Court are three motions to consolidate these cases, three motions to appoint a lead plaintiff or co-lead plaintiffs, and three motions for approval of selection of lead counsel in the actions.

For the reasons outlined below, the motions of Iron Workers Local No. 25 Pension Fund (hereinafter "Iron Workers"), the Sitzberger Group, and the Elder Group to consolidate these three actions are GRANTED. Movant Iron Workers' motion to be appointed lead plaintiff is GRANTED, and its motion for approval of lead counsel is GRANTED. The remaining motions of movants Sitzberger Group and Elder Group are DENIED.

I. BACKGROUND

A. The Facts

The *Monsefi*, *Allen*, and *Golston* complaints contain the same basic factual allegations. The plaintiffs allege that they are purchasers of shares of Orion, a power technology company that designs, manufactures, and implements energy management systems, consisting primarily of high-performance, energy-efficient lighting systems, controls, and related services, for

commercial and industrial customers. (*Monsefi* Compl. ¶ 3; *Allen* Compl. ¶ 2; *Golston* Compl. ¶ 7.) The *Allen* and *Golston* Complaints allege that as part of Orion's IPO, held on December 18, 2007, Orion sold at least 7.69 million shares of stock to the public at a price of $13 per share, raising approximately $100 million. (*Allen* Compl. ¶ 3; *Golston* Compl. ¶ 21.) The *Monsefi* Complaint alleges that Orion's IPO involved the sale of 8.8 million shares to members of the public at a price of $13 per share, netting Orion $78.8 million in proceeds. (*Monsefi* Compl. ¶ 1.) Plaintiffs allege that on February 6, 2008, Orion announced that it was significantly altering its business model to involve the sale of products which had not yet gained market acceptance. (*Monsefi* Compl. ¶ 6; *Allen* Compl. ¶ 4; *Golston* Compl. ¶¶ 24-25, 27.) Plaintiffs allege that in response to this news, shares of Orion's stock declined by $6.39 per share, or over 40%. (*Monsefi* Compl. ¶ 1; *Allen* Compl. ¶ 5; *Golston* Compl. ¶ 26.)

B. Procedural History

The *Monsefi* Complaint was filed on February 11, 2008, by Afshin Monsefi, individually and on behalf of all others similarly situated, asserting claims arising under § 11 of the Securities Act against Orion as well as eight individual defendants — Neal R. Verfuerth, Daniel J. Waibel, Thomas A. Quadracci, Michael J. Potts, Diana Propper de Callejon, James R. Cackley, Eckhart G. Grohman, and Patric J. Trotter — who are alleged to be officers or directors of Orion (collectively, the "Individual Defendants"), and three other defendants — Thomas Weisel Partners LLC, Canaccord Adams, Inc., and Pacific Growth Equities, LLC — who are alleged to be the co-lead underwriters of the Orion IPO (collectively, the "Underwriter Defendants"). (*Monsefi* Compl. ¶¶ 16-22.) The *Monsefi* Complaint asserts a § 11 claim against all defendants. (*Id.* ¶¶ 30-38.)

The *Allen* Complaint was filed on February 28, 2008, by Jason Allen, individually and on behalf of all others similarly situated, asserting claims arising under §§ 11, 12(a)(2), and 15 of the Securities Act. (*Allen* Compl. ¶ 8.) The *Allen* Complaint asserts §§ 11 and 12(a)(2) claims against all defendants named in the *Monsefi* Complaint and a § 15 claim against the Individual Defendants named in the *Monsefi* Complaint. (*Id.* ¶¶ 48, 59, 68.)

The *Golston* Complaint was filed on March 24, 2008, by William Jennings Golston, individually and on behalf of all others similarly situated, asserting claims arising under §§ 11 and 15 of the Securities Act. (*Golston* Compl. ¶¶ 36-56.) The *Golston* Complaint asserts a § 11 claims against all defendants named in the *Monsefi* Complaint and a § 15 claim against the Individual Defendants named in the *Monsefi* Complaint. (*Id.* ¶¶ 38-44, 52.)

On April 11, 2008, movants Iron Workers, Elder Group, Sitzberger Group, and Milbrath filed motions for consolidation, appointment as lead plaintiff, and approval of selection of counsel, in accordance with the PSLRA's requirement that motions for the appointment of lead counsel be made no more than 60 days after the publication of the first notice issued advising investors of the pendency of the action.[1] *See* 15 U.S.C. §§ 78u-4(a)(3)(A) and (B). The motions were timely, given that the first notice to investors pertaining to this matter was published on

---

[1] Walter Milbrath filed a motion on April 11, 2008 seeking to be appointed lead plaintiff in this action, but withdrew that motion on April 28, 2008. (Milbrath Notice of Withdrawal, dated Apr. 28, 2008.)

2

February 11, 2008. (*See* Alba Decl. ¶ 2, Ex. A; Klafter Decl. ¶ 8, Ex. F; Jacobs Decl. ¶ 4, Ex. C.) The three motions remaining are those of Iron Workers, the Elder Group, and the Sitzberger Group.

## II. CONSOLIDATION

### A. Standard for Consolidation

A court may consolidate two or more actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure where the actions involve "a common question of law or fact." *See Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). The trial court has broad discretion to consolidate actions under Rule 42(a), *Johnson*, 899 F.2d at 1284, and cases may be consolidated even where certain defendants are named in only one of the complaints. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004) (citations omitted). However, while a court may enter orders of consolidation "to avoid unnecessary costs or delay," "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Johnson*, 899 F.2d at 1284-85 (citations omitted).

### B. Analysis

Consolidation of these three actions pursuant to Rule 42(a) is appropriate because the factual allegations and legal claims raised in the complaints are largely overlapping and raise common questions of law and fact. *See Devlin*, 175 F.3d at 130. All three complaints assert causes of action under the Securities Act in connection with the Orion IPO, and on behalf of all purchasers of the common stock of Orion from December 2007 through February 6, 2008.[2] (*Monsefi* Compl. ¶ 1; *Allen* Compl. ¶¶ 1, 33; *Golston* Compl. ¶ 1.) All three complaints allege that Orion's Registration Statement and Prospectus contained materially false and misleading statements in violation of the Securities Act because it failed to reveal that the Company planned to aggressively alter its business model to sell products that had no history of market acceptance. (*Monsefi* Compl. ¶¶ 2, 6; *Allen* Compl. ¶¶ 6, 30; *Golston* Compl. ¶¶ 25, 28.) Two of the complaints allege that the Registration Statement and Prospectus contained materially false and misleading statements because the "Use of Proceeds" section did not state that the primary use of the proceeds was to fund this shift in Orion's business model. (*Monsefi* Compl. ¶ 6; *Allen* Compl. ¶ 31.) All three complaints name the same defendants and allege that each of the defendants violated § 11. The *Golston* and *Allen* Complaints additionally allege that the Individual Defendants violated § 15. The *Allen* Complaint additionally alleges that each of the defendants violated § 12(a)(2).

However, the slight differences in the facts alleged and legal issues raised do not preclude consolidation. *See Dolan v. Axis Capital Holdings Ltd.*, No. 04 Civ. 8564

---

[2] The *Monsefi* complaint alleges a class period from December 18, 2007 through February 6, 2008. (*Monsefi* Compl. ¶ 1.) The *Golston* complaint alleges a class period from December 12, 2007, through February 6, 2008. (*Golston* Compl. ¶ 1.) The *Allen* complaint alleges a class period that begins on December 18, 2007 but with no specific end date. (*Allen* Compl. ¶ 33.)

3

(RJH), 2005 WL 883008, at *2 (S.D.N.Y. April 13, 2005) (consolidating cases where, *inter alia*, one case alleged claims against an additional defendant and the claims were not identical, but "similar or overlapping"); *see also Olsen v. New York Cmty. Bancorp, Inc.*, 233 F.R.D. 101, 105 (E.D.N.Y. 2005) (consolidating cases despite slightly different class periods and defendants, and noting that the differences could be resolved with the filing of a consolidated complaint); *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 292-93 (E.D.N.Y. 1998) (consolidating cases despite slight differences in claims and alleged class periods). Additionally, all movants seek consolidation, and no one opposes consolidation. Accordingly, the actions are hereby consolidated under the above-listed caption and docket number. The Clerk is directed to close Case No. 08 Civ. 1992 (RJS) and Case No. 08 Civ. 2984 (RJS).

### III. Appointment of Lead Plaintiff(s)

Also before the Court are three motions by three plaintiffs seeking to be appointed as lead plaintiff in this action. For the reasons that follow, the Court finds that movant Iron Workers is the appropriate lead plaintiff in this consolidated action.

#### A. Standard for Appointment of Lead Plaintiff

The PSLRA provides that a district court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members. . . ." 15 U.S.C. § 77z-1(a)(3)(B). Under the PSLRA, there is a rebuttable presumption that a "person or group of persons" who is a named plaintiff or proper movant and otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 is the most adequate plaintiff, provided that person or group of persons "has the largest financial interest in the relief sought by the class . . . ." *Id.*; *see also In Re Fuwei Films Sec. Litig.*, 247 F.R.D. at 436-37 (S.D.N.Y. 2008); *Levine v. AtriCure, Inc.*, 508 F. Supp. 2d 268, 276-77 (S.D.N.Y. 2007) (citing 15 U.S.C. § 77z-1(a)(3)(B)); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 323 (S.D.N.Y. 2004) (noting that the court has discretion to appoint more than one lead plaintiff and can aggregate the losses suffered by that group of investors) (citing *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y. 1998)).

This presumption may be rebutted "only upon proof by a member of the purported plaintiff class" that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). However, "[n]othing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action." *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 (2d Cir. 2004).

#### 1. The Requirements of Rule 23

As discussed above, the PSLRA mandates that the lead plaintiff must meet the requirements of Rule 23(a). *See* 15 U.S.C. § 77z-1(a)(3)(B). Rule 23(a) requires that a class satisfy four criteria: numerosity, commonality, typicality, and adequacy. *See*

4

Fed. R. Civ. P. 23(a). However, "[o]f the four prerequisites to class certification, only two — typicality and adequacy — directly address the personal characteristics of the class representative." *Pirelli*, 229 F.R.D. at 412. "Consequently, in deciding a motion to serve as lead plaintiff, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." *Id.* (internal quotation marks and citations omitted); *see also Corwin v. Seizinger*, No. 07 Civ. 6728 (DC), 2008 WL 123846, at *2 (S.D.N.Y. January 8, 2008).

In order to satisfy the adequacy requirement, the lead plaintiff must be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Thus, "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation." *Pirelli*, 229 F.R.D. at 412-13 (citations omitted). Additionally, "the lead plaintiff should have a sufficient interest in the outcome to ensure vigorous advocacy." *Id.* at 413 (citations and internal quotations omitted).

Typicality is satisfied if "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) (citations omitted). The lead plaintiff's claims "need not be identical to the claims of the class to satisfy the typicality requirement." *Pirelli*, 229 F.R.D. at 412. Indeed, "[t]he possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact." *Id.* at 412 (quoting *In re Prudential Sec., Inc. Ltd., P'ships Litig.*, 163 F.R.D. 200, 208 (S.D.N.Y.1995)).

2. Calculation of Financial Interest

The PSLRA does not specify a method for calculating which plaintiff has the "largest financial interest," and neither the Supreme Court nor the Second Circuit has articulated such a method. *Pirelli*, 229 F.R.D. at 404 n.15; *see also In re Olsten*, 3 F. Supp. 2d at 295. In the absence of explicit guidance, many courts, including courts in this District and in the Eastern District of New York, have adopted a four-factor test first promulgated in *Lax v. First Merch. Acceptance Corp.*, No. 97 Civ. 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997), and adopted by the district court in *In re Olsten*, 3 F. Supp. 2d at 295 (the "Olsten-Lax Test"). *See Pirelli*, 229 F.R.D. at 404 (collecting cases); *see also In re Comverse Tech., Inc. Secur. Litig.*, No. 06 Civ. 1825 (NGG) (RER), 2007 WL 680779, at *3 (E.D.N.Y. May 2, 2007); *Andrada v. Atherogenics, Inc.*, No. 05 Civ. 061 (RJH), 2005 WL 912359, at *3 (S.D.N.Y. April 19, 2005); *Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 WL 1637053, at *4 (S.D.N.Y. July 20, 2004). Under the Olsten-Lax Test, a prospective lead plaintiff's financial interest may be determined by looking to (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See In Re Fuwei Films Sec. Litig.*,

247 F.R.D. at 436-37; *In re Olsten*, 3 F. Supp. 2d at 295; *Lax*, 1997 WL 461036, at *5; *see also Pirelli*, 229 F.R.D. at 404. This Court, like many others, "shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant." *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007).

B. Analysis

1. Iron Workers is the Presumptive Lead Plaintiff Under the PSLRA

Iron Workers has demonstrated that it satisfies the requirements of the PSLRA for appointment as the lead plaintiff in this consolidated action.

First, Iron Workers properly moved to be appointed lead plaintiff within 60 days of the published notice. *See* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II). Second, Iron Workers satisfies the typicality and adequacy requirements of Rule 23. *See* 15 U.S.C. § 77z-1(a)(3)(B). Specifically, Iron Workers has a large financial interest in the litigation, *see Pirelli*, 229 F.R.D. at 413, there are no apparent conflicts of interest, and the claims are typical of the claims of the class as a whole, based on the ownership of Orion stock and the allegations contained in the *Monsefi* complaint.

Finally, Iron Workers is the plaintiff with the greatest financial interest in the case. Iron Workers asserts that its financial interest in the case is $128,151.77. (*See* Alba Decl. ¶ 3, Ex. B.) It calculates its financial interest by multiplying the number of shares of Orion stock purchased by the price paid for those shares, and subtracting the value of the shares it received when it sold all of its shares. (*Id.*) That interest far exceeds the financial interest asserted by the Sitzberger Group ($18,574) and the Elder Group[3] ($24,526).[4] Accordingly, because Iron Workers has the greatest financial interest in this action of all of the movants, there is a rebuttable presumption that it is the most adequate lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B).

2. There Were No Attempts to Rebut the Presumption

The Sitzberger Group concedes that Iron Workers had the greatest financial interest in the case, and, while reserving its rights to pursue its motion to be appointed lead plaintiff should Iron Workers fail to meet the

---

[3] The Elder Group's asserted financial interest of $24,526 includes the interest of Boris Nayflish, who is also a proposed lead plaintiff of the Sitzberger Group. Apparently, Nayflish has advised the Elder Group's counsel that he wishes to be removed from that group. (*See* Sitzberger Resp. to Competing Motions, at 1 n.1). If so removed, the Elder Group's actual financial interest would be even lower than the $24,526 asserted in the motion papers. Regardless, under either calculation, the Elder Group's financial interest is significantly less than Iron Workers' financial interest, such that the outcome would remain the same.

[4] Because neither of the proposed lead plaintiffs in the Sitzberger Group have sold their shares, the financial interest was calculated by taking the purchase price of the shares and subtracting the retained share value, which was calculated by multiplying the shares purchased and held with the average closing price from February 7, 2008 through April 10, 2008. (*See* Klafter Decl. ¶ 5, Ex. C.) Regarding the Elder Group, two of the proposed lead plaintiffs sold their shares and the loss was calculated in the same manner as Iron Workers, while one had not sold any shares and his loss was calculated using the average closing price from February 7, 2008 through April 8, 2008. (*See* Jacobs Decl. ¶ 3, Ex. B.)

requirements of Rule 23 and the PSLRA, does not seek to rebut the presumption. (Sitzberger Resp. at 1-2.) The Elder Group never filed an opposition to Iron Workers' Motion and thus has failed to rebut the presumption.

Accordingly, the Court concludes that the presumption in favor of Iron Workers is not rebutted, and that it is the plaintiff most capable of adequately representing the interests of the class. Iron Workers is hereby appointed lead plaintiff in this action.

### IV. APPROVAL OF SELECTION OF LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff shall select and retain counsel to represent the class, subject to the court's approval. *See Pirelli*, 229 F.R.D. at 420. Lead plaintiff Iron Workers has selected Coughlin Stoia Geller Rudman & Robbins, LLP (hereinafter "Coughlin Stoia") to represent it and seeks the Court's approval of that selection. In support of that request, Mario Alba, Jr., Esq., of Coughlin Stoia has submitted a declaration setting forth his firm's experience as class counsel and attaching a resume of the firm which references numerous securities class actions or other actions in which the firm has served as counsel or, in many cases, lead or co-lead counsel. (Alba Decl. ¶ 5 & Ex. D.) The Court further notes that the firm has been praised for the quality of its representation by several judges in various parts of the country. (*Id.*) As such, the Court finds that Coughlin Stoia is well qualified to serve as lead counsel in this matter. Accordingly, Iron Workers' selection of Coughlin Stoia Geller Rudman & Robbins, LLP as plaintiff's counsel is hereby approved.

### IV. CONCLUSION

For the reasons stated above, the motions to consolidate the *Monsefi*, *Allen*, and *Golston* are GRANTED. Accordingly, the actions are hereby consolidated under the above-listed caption and docket number. The Clerk is directed to close case No. 08 Civ. 1992 (RJS) and Case No. 08 Civ. 2984 (RJS). Movant Iron Workers Local No. 25 Pension Fund's motions for appointment as lead plaintiff and approval of selection of counsel are GRANTED. All other motions are DENIED. The Clerk of the Court is directed to terminate the motions docketed under Case No. 08 Civ. 1328 at Documents # 5, 9, and 15 as well as the motion docketed under Case No. 08 Civ. 1992 at Document # 4.

Plaintiffs are GRANTED leave to file a consolidated amended class action complaint, due on August 1, 2008. Defendants' time to answer or move is extended to forty-five days after the filing of the consolidated amended class action complaint.

SO ORDERED.

_____
RICHARD J. SULLIVAN
United States District Judge

Dated: July 7, 2008
New York, New York

\* \* \*

Movant Iron Workers Local No. 25 Pension Fund is represented in this action by

Mario Alba, Jr., Esq., Coughlin Stoia Geller Rudman & Robbins, LLP, 58 South Service Road, Suite 200, Melville, New York, 11747. Movant Sitzberger Group is represented in this action by Jeffrey A. Klafter, Esq., Klafter & Olsen, LLP, 1311 Mamaroneck Avenue, Suite 220, White Plains, New York, 10602. Movant Elder Group is represented by Roy L. Jacobs, Esq., Paskowitz & Associates, 60 East 42nd Street, 46th Floor, New York, New York, 10165.