USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 1/3/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re ORION SECURITIES LITIGATION | : | Civil Action No. 1:08-cv-01328-RJS |
| | : | <u>CLASS ACTION</u> |
| This Document Relates To: | : | |
| ALL ACTIONS. | : | |

[redacted] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

521797_4

WHEREAS, a consolidated action is pending before this Court styled *In re Orion Securities Litigation*, Civil Action No. 1:08-cv-01328-RJS (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Litigation, in accordance with a Settlement Agreement dated September 16, 2010, which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all defined terms herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Settlement Agreement and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2. A hearing (the "Final Approval Hearing") shall be held before this Court on April 14, 2011, at 10:00 a.m., to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; whether an Order and Final Judgment as provided in ¶1.15 of the Settlement Agreement should be entered; whether the proposed Plan of Allocation should be approved; and to determine any amount of fees and expenses that should be awarded to Lead Counsel. The Court may adjourn the Final Approval Hearing without further notice to members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of the Settlement Agreement and effectuating the Settlement, a Class of all Persons who purchased the common stock of Orion pursuant and/or traceable to the Company's initial public offering on or about December 18, 2007, through February 7, 2008. Excluded from the Class are Defendants, members of the immediate family of each of the Defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. Also excluded from the Class are any putative Class Members who timely and validly exclude themselves from the Class in accordance with the requirements set forth in the Notice.

4. Solely for purposes of the Settlement Agreement and the Settlement, the Court preliminarily finds that (a) the members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5. Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints the firm Gilardi & Co. LLC. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than twenty (20) calendar days after the entry of this Order, Orion shall, at its own expense, provide to the Claims Administrator, in an electronic format acceptable to the Claims Administrator, Orion's transfer records for the Class Period;

(b) Not later than January 18, 2011 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.gilardi.com;

(c) Not later than January 25, 2011, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily*, and over the *PR Newswire*; and

(d) Not later than March 24, 2011, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

6. Nominees who purchased Orion common stock for the benefit of another Person during the period between December 18, 2007 and February 7, 2008, inclusive, shall be requested to send the Notice and Proof of Claim to all such beneficial owners of Orion common stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

7. Other than the cost of providing Orion's transfer records to the Claims Administrator, all fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund and in no event shall Defendants bear any responsibility for such fees, costs, or expenses.

8. All members of the Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

9. Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be submitted no later than ninety (90) days from the Notice Date. Any Class Member who does not submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

10. Any member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

11. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for

exclusion ("Request for Exclusion"), postmarked no later than March 31, 2011. A Request for Exclusion must be signed and state (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases of Orion common stock pursuant and/or traceable to Orion's initial public offering on or about December 18, 2007, through February 7, 2008, including the dates, the number of shares of Orion stock purchased, and price paid for each such purchase; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or any final judgment.

12. Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event within ten (10) days prior to the Final Approval Hearing.

13. Any member of the Class may appear and show cause, if he, she, or it has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, why attorneys' fees and expenses should not be awarded to counsel for Lead Plaintiff; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Order and Final Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees and expenses to be awarded to counsel for Lead Plaintiff, unless written objections and copies of any papers and briefs are received by Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101; Matthew R. Kipp, Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Dr., Suite 2800,

event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiff nor any of its counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶5.2 of the Settlement Agreement, except as required under ¶6.2 of the Settlement Agreement.

19. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or any other Released Persons of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

20. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: Dec. 28, 2010

THE HONORABLE RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

Chicago, IL 60606, and Lee G. Dunst, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, 47th Floor, New York, NY 10166, on or before March 31, 2011; and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Southern District of New York, on or before March 31, 2011. Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Lead Plaintiff's counsel, unless otherwise ordered by the Court.

14. All funds held by the Escrow Agent(s) shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

15. All papers in support of the Settlement, Plan of Allocation, and any application by counsel for Lead Plaintiff for attorneys' fees and expenses shall be filed and served no later than twenty-one (21) calendar days prior to the Final Approval Hearing and any reply papers shall be filed and served seven (7) calendar days prior to the Final Approval Hearing.

16. The Released Persons shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Plaintiff's counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

17. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Plaintiff's counsel, and any application for attorneys' fees and expenses should be approved.

18. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Settlement Agreement. In the

CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2010, I submitted the foregoing to sullivannysdchambers@nysd.uscourts.gov and e-mailed to the e-mail addresses denoted on the Court's Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 28, 2010.

*s/ Ellen Gusikoff Stewart*
ELLEN GUSIKOFF STEWART

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: elleng@rgrdlaw.com

Manual List

Richard A. Maniskas
David M. Promisloff
Barroway Topaz Kessler Meltzer
& Check, LLP
280 King of Prussia Road
Radnor, PA 19087

Cynthia J. Billings
Sullivan, Ward, Asher & Patton, P.C.
25800 Northwestern Highway
1000 Maccabees Center
Southfield, MI 48075

**EXHIBIT A-1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re ORION SECURITIES LITIGATION | : | Civil Action No. 1:08-cv-01328-RJS |
| | : | CLASS ACTION |
| This Document Relates To: | : | |
| ALL ACTIONS. | : | |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

TO: ALL PERSONS WHO PURCHASED ORION ENERGY SYSTEMS, INC. ("ORION" OR THE "COMPANY") COMMON STOCK PURSUANT AND/OR TRACEABLE TO ORION'S INITIAL PUBLIC OFFERING ON OR ABOUT DECEMBER 18, 2007, THROUGH FEBRUARY 7, 2008, INCLUSIVE ("CLASS PERIOD")

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE APRIL 18, 2011.

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court"). The purpose of this Notice is to inform you of the proposed Settlement of this class action litigation and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement. The Settlement resolves the Class's claims against Orion, Neal R. Verfuerth, Daniel J. Waibel, Diana Propper de Callejon, Thomas A. Quadracci, Michael J. Potts, James R. Kackley, Eckhart G. Grohmann, Patrick J. Trotter, Thomas Weisel Partners, LLC, Canaccord Adams, Inc., and Pacific Growth Equities, LLC, n/k/a Pacific Growth Holdings, LLC (collectively, "Defendants"). This Notice describes the rights you may have in connection with the Settlement and what steps you may take in relation to the Settlement and this class action litigation.

The proposed Settlement creates a fund in the amount of $3,250,000 in cash and will include interest that accrues on the fund prior to distribution. Based on Lead Counsel's estimate of the number of shares entitled to participate in the Settlement and the anticipated number of claims to be submitted by Class Members, the average distribution per share to Class Members who purchased Orion common stock pursuant and/or traceable to the Company's initial public offering during the

Class Period would be approximately $0.37 before deduction of Court-approved fees and expenses. Your actual recovery from this fund will depend on a number of variables, including the number of claimants, the number of shares they purchased, the number of shares of Orion common stock you purchased, the expense of administering the claims process, and the timing of your purchases and sales, if any (see the Plan of Allocation below for a more detailed description of how the settlement proceeds will be allocated among Class Members).

Lead Plaintiff and Defendants do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff was to have prevailed on each claim asserted. The issues on which the parties disagree include: (1) whether the statements made or facts allegedly omitted were false, material, or otherwise actionable under the federal securities laws; (2) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the trading price of Orion common stock at various times during the Class Period; (3) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the trading price of Orion common stock at various times during the Class Period; (4) the extent to which external factors, such as general market conditions, influenced the trading price of Orion common stock at various times during the Class Period; (5) the effect of various market forces influencing the trading price of Orion common stock at various times during the Class Period; (6) the amount by which Orion common stock was allegedly artificially inflated (if at all) during the Class Period; and (7) the appropriate economic model for determining the amount by which Orion common stock was allegedly artificially inflated (if at all) during the Class Period.

Lead Plaintiff believes that the proposed Settlement is a very good recovery and is in the best interests of the Class. Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that Lead Plaintiff would not have prevailed on any of its remaining claims,

in which case the Class would receive nothing. For example, Lead Plaintiff faced the possibility that all or many of the claims remaining in this case could have been dismissed at summary judgment or trial. In addition, the amount of damages recoverable by the Class was and is challenged by Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Litigation gone to trial, Defendants intended to assert that all of the losses of Class Members were caused by non-actionable market, industry, or general economic factors. Defendants would also assert that throughout the Class Period, the uncertainties and risks associated with Orion's business and financial condition were fully and adequately disclosed.

Plaintiffs' Counsel have not received any payment for their services in conducting this Litigation on behalf of Lead Plaintiff and the members of the Class, nor have they been reimbursed for their out-of-pocket expenditures. If the Settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees not to exceed 30% of the settlement proceeds plus expenses not to exceed $100,000, both to be paid from the Settlement Fund. If the amount requested by counsel is approved by the Court, the average cost per share would be approximately $0.12.

This Notice is not an expression of any opinion by the Court about the merits of any of the claims or defenses asserted by any party in this Litigation or the fairness or adequacy of the proposed Settlement.

For further information regarding this Settlement you may contact: Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, California 92101, Telephone: 800/449-4900. Please do not call any representative of the Defendants or the Court.

## I. NOTICE OF HEARING ON PROPOSED SETTLEMENT

A settlement hearing (the "Settlement Hearing") will be held on April 14, 2011, at 10:00 a.m., before the Honorable Richard J. Sullivan, United States District Judge, at the Daniel Patrick Moynihan United States Courthouse, Southern District of New York, 500 Pearl Street, New York, New York 10007. The purpose of the Settlement Hearing will be to determine: (1) whether the Settlement consisting of $3,250,000 in cash plus accrued interest on the Settlement Fund should be approved as fair, reasonable, and adequate to each of the Settling Parties; (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; (3) whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved; and (4) whether the Litigation should be dismissed with prejudice. The Court may adjourn or continue the Settlement Hearing without further notice to the Class.

## II. DEFINITIONS USED IN THIS NOTICE

1. "Action" or "Litigation" mean the putative shareholder class action captioned *In re Orion Securities Litigation*, Civil Action No. 1:08-cv-01328-RJS, filed in the United States District Court for the Southern District of New York.

2. "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Settlement Agreement.

3. "Claims Administrator" means the firm Gilardi & Co. LLC.

4. "Class" and "Class Members" mean all Persons who purchased the common stock of Orion pursuant and/or traceable to the Company's initial public offering on or about December 18, 2007, through February 7, 2008. Excluded from the Class are Defendants, members of the immediate family of each of the Defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or

affiliated with any of the Defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. Also excluded from the Class are any putative Class Members who timely and validly exclude themselves from the Class in accordance with the requirements set forth in this Notice.

5. "Class Period" means the period between December 18, 2007 and February 7, 2008, inclusive.

6. "Defendants" means the Orion Defendants and the Underwriter Defendants.

7. "Defendants' Affiliates" means any and all of Defendants' respective present, former and future officers, directors, employees, managers, members, managing members, fiduciaries, managing directors, agents, managing agents, attorneys, legal counsel, advisors, consultants, insurers, co-insurers, reinsurers, accountants, auditors, trustees, underwriters, financial advisors, commercial bank lenders, investment bankers, associates, representatives, affiliates, parents, subsidiaries, partnerships, member firms, partners, joint ventures, limited liability companies, corporations, divisions, shareholders, principals, trusts, foundations, family members, beneficiaries, distributors, heirs, executors, personal representatives, estates, administrators, predecessors, successors and assigns, and their respective former, current and future direct or indirect equity holders, controlling persons, stockholders, general or limited partners or partnerships, or assignees and including, but not limited to, any directors, officers, agents, partners, members, managers, or employees of any of the foregoing.

8. "Effective Date" means the date upon which the Settlement contemplated by the Settlement Agreement shall become effective, as set forth in ¶11.1 of the Settlement Agreement.

9. "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its successor(s). The Escrow Agent shall maintain the Settlement Fund in a segregated escrow account not available

to the creditors of the Escrow Agent and shall not disburse any amount from the escrow account except as authorized by the Settlement Agreement.

10. "Final" means: (i) the date of final affirmance on an appeal of the Order and Final Judgment (as defined below), the expiration of the time for a petition for or a denial of a writ of certiorari to review the Order and Final Judgment and, if certiorari is granted, the date of final affirmance of the Order and Final Judgment following review pursuant to that grant; or (ii) the date of final dismissal of any appeal from the Order and Final Judgment or the final dismissal of any proceeding on certiorari to review the Order and Final Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Court's Order and Final Judgment approving the Settlement Agreement, substantially in the form of Exhibit B attached to the Settlement Agreement. Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any plan of allocation, and/or application for attorneys' fees or expenses, shall not in any way delay or preclude the Order and Final Judgment from becoming Final.

11. "Individual Defendants" means Neal R. Verfuerth, Daniel J. Waibel, Diana Propper de Callejon, Thomas A. Quadracci, Michael J. Potts, James R. Kackley, Eckhart G. Grohmann, and Patrick J. Trotter.

12. "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, formerly known as Coughlin Stoia Geller Rudman & Robbins LLP, or its successor(s).

13. "Lead Plaintiff" means Iron Workers Local No. 25 Pension Fund.

14. "Notice" means this Notice of Pendency and Proposed Settlement of Class Action.

15. "Order and Final Judgment" means the proposed order to be entered by the Court approving the Settlement, substantially in the form attached to the Settlement Agreement as Exhibit B.

16. "Orion Defendants" means Orion and the Individual Defendants.

17. "Parties" means Lead Plaintiff (on behalf of itself and each of the Class Members) and Defendants.

18. "Person" means any individual, corporation, limited liability company, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, insurance company, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

19. "Plaintiffs' Counsel" means any attorney or firm that has represented any plaintiff in the Litigation, including Robbins Geller Rudman & Dowd LLP and Sullivan, Ward, Asher & Patton, P.C.

20. "Preliminary Approval Order" means the proposed order entered by the Court preliminarily approving the Settlement and directing notice thereof to the Class.

21. "Proof of Claim" means the proposed Proof of Claim and Release form to be submitted by Class Members.

22. "Released Claims" means all of the Released Plaintiffs' Claims and all of the Released Defendants' Claims, as defined herein.

23. "Released Defendants' Claims" is defined in ¶12.3 of the Settlement Agreement.

24. "Released Persons" is defined in ¶12.1 of the Settlement Agreement.

25. "Released Plaintiffs' Claims" is defined in ¶12.2 of the Settlement Agreement.

26. "Settlement" means the settlement embodied by the Settlement Agreement.

27. "Settlement Hearing" means the final hearing to be held by the Court to determine whether to approve the Settlement of the Litigation as set forth herein.

28. "Settling Parties" has the same meaning as Parties.

29. "Summary Notice" means the Summary Notice to be published in *Investor's Business Daily*, and over the *PR Newswire*, substantially in the form attached to the Settlement Agreement as Exhibit A-3, or as modified pursuant to agreement of the Parties or order of the Court.

30. "Underwriter Defendants" means Thomas Weisel Partners, LLC, Canaccord Adams, Inc., and Pacific Growth Equities, LLC, n/k/a Pacific Growth Holdings, LLC.

31. "Unknown Claims" means any Released Plaintiffs' Claim which the Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, which, if known by him, her or it, would or might have affected his, her or its settlement with and release of the Released Persons, or would or might have affected his, her or its decision not to object to this Settlement; and any Released Defendants' Claim which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, which, if known by him, her or it, would or might have affected his, her or its decision(s) with respect to the Settlement. Lead Plaintiff or Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but Lead Plaintiff and the Class Members shall expressly, upon the Effective Date, be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever settled and released any and all Released Plaintiffs' Claims (including Unknown Claims, as defined herein), known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such

different or additional facts. Likewise, Defendants may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Defendants' Claims, but Defendants shall expressly waive, and by operation of the Order and Final Judgment shall have fully, finally, and forever settled and released any and all Released Defendants' Claims (including Unknown Claims, as defined herein), known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and the Class Members by operation of law shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a key element of the Settlement, of which this release is a material and essential part, and expressly waive the benefits of (i) the provisions of §1542 of the California Civil Code, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR,

and (ii) any and all provisions or rights conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.

## III. THE LITIGATION

On and after February 11, 2008, three securities class action complaints were filed in the United States District Court for the Southern District of New York on behalf of purchasers of Orion common stock pursuant and/or traceable to the Company's initial public offering on or about December 18, 2007. By Memorandum and Order dated July 7, 2008, the Court consolidated these actions under the caption above, appointed Lead Plaintiff, and approved Lead Plaintiff's choice of Lead Counsel.

On August 1, 2008, Lead Plaintiff filed a consolidated amended class action complaint. The Orion Defendants and the Underwriter Defendants filed motions to dismiss that complaint on September 15, 2008 and January 16, 2009, respectively. Following full briefing and oral argument, on August 20, 2009, the Court entered an Order granting in part and denying in part the Orion Defendants' and the Underwriter Defendants' respective motions to dismiss.

Lead Plaintiff filed its Second Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") on September 4, 2009. Defendants filed answers to the Complaint on October 9, 2009.

On October 16, 2009, the Parties jointly submitted a proposed case management plan and scheduling order, which was approved by the Court on October 19, 2009. On March 25, 2010, to afford the Parties a reasonable opportunity to fully explore the possibility of settlement, the Court issued an order staying the proceedings until May 14, 2010.

In an effort to resolve the Litigation, the Lead Plaintiff and the Orion Defendants attended a mediation before Jed D. Melnick, of the Weinstein Mediation Center, on April 14, 2010. Following that mediation session, and further discussions between the Lead Plaintiff and the Orion Defendants, the Lead Plaintiff and the Orion Defendants reached an agreement-in-principle to settle the

Litigation on the terms set forth herein. The Underwriter Defendants did not attend the mediation session or participate in these subsequent discussions, but the agreement-in-principle to settle the Litigation includes the Underwriter Defendants on the terms set forth herein.

## IV. CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports those claims. However, Lead Plaintiff recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Lead Plaintiff also has taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Lead Plaintiff is also mindful of the inherent difficulties of proof under and possible defenses to the securities law violations asserted in the Litigation. Lead Plaintiff believes that the Settlement set forth in the Settlement Agreement confers substantial benefits upon the Class. Based on their evaluation, Lead Plaintiff and Lead Counsel have determined that the Settlement set forth in the Settlement Agreement is in the best interests of Lead Plaintiff and the Class.

## V. THE DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation, and continue to believe the claims asserted against them in the Complaint are without merit.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Settlement Agreement. They also have

taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Litigation and have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Settlement Agreement.

## VI. TERMS OF THE PROPOSED SETTLEMENT

The amount of $3,250,000 has been transferred to an interest-bearing escrow account under the control of the Escrow Agent. This principal amount of $3,250,000 in cash, plus any accrued interest, shall constitute the Settlement Fund. A portion of the settlement proceeds will be used for certain administrative expenses, including costs of printing and mailing this Notice, the cost of publishing a newspaper notice, payment of any taxes assessed against the Settlement Fund, and costs associated with the processing of claims submitted. In addition, as explained below, a portion of the Settlement Fund may be awarded by the Court to Lead Counsel as attorneys' fees and for expenses incurred in litigating the case. The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed according to the Plan of Allocation described below to Class Members who submit valid and timely Proofs of Claim.

## VII. PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proofs of Claim ("Authorized Claimants") under the Plan of Allocation described below. The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have a net loss on all transactions in Orion common stock during the Class Period.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Lead Plaintiff's counsel have consulted with their damage consultants. The Plan of Allocation reflects an assessment of the damages that could have been recovered as well as Lead

Plaintiff's counsel's assessment of the likelihood of establishing liability for various periods of the Class.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

The total of all profits shall be subtracted from the total of all losses from transactions during the Class Period to determine if a Class Member has a claim. Only if a Class Member had a net loss, after all profits from transactions in Orion common stock during the Class Period are subtracted from all losses, will such Class Member be eligible to receive a distribution from the Net Settlement Fund.

**Section 11 Claims for the December 2007 Initial Public Offering**

**CUSIP: 686275108**

Initial Public Offering Price: $13.00 per share
Closing Price on the date the lawsuit was filed[1]: $ 9.00 per share

---

For shares of Orion purchased ***pursuant to, and traceable to, the Company's offering prospectus dated December 18, 2007***, and

1) sold prior to February 11, 2008, the claim per share is the lesser of (i) the Purchase Price per share less the Sales Price per share, or (ii) $13.00 less the Sales Price per share.

[1] First Class Action Complaint filed on February 11, 2008.

2) retained at the end of February 10, 2008, or, sold on or after February 11, 2008, the claim per share is the lesser of (i) the Purchase Price per share less the Sales Price per share, or (ii) $13.00 less $9.00.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date. The determination of the price paid per share and the price received per share, shall be exclusive of all commissions, taxes, fees, and charges.

For Class Members who made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a claim. Under the FIFO method, sales of shares during the Class Period will be matched, in chronological order, first against shares held at the beginning of the Class Period. The remaining sales of shares during the Class Period will then be matched, in chronological order, against shares purchased during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if such Class Member had a net loss, after all profits from transactions in Orion common stock during the Class Period are subtracted from all losses.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

## VIII. ORDER CERTIFYING A CLASS FOR PURPOSES OF SETTLEMENT

On December 28, 2010, the Court preliminarily certified a class for purposes of settlement. The Class is defined above.

## IX. PARTICIPATION IN THE CLASS

If you fall within the definition of the Class, you are a Class Member unless you elect to be excluded from the Class pursuant to this Notice. If you do not request to be excluded from the Class,

you will be bound by any judgment entered with respect to the settlement in the Litigation against Defendants whether or not you file a Proof of Claim.

***If you are a Class Member, you need do nothing (other than timely file a Proof of Claim if you wish to participate in the distribution of the Net Settlement Fund). Your interests will be represented by Lead Counsel.*** If you choose, you may enter an appearance individually or through your own counsel at your own expense.

TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM THAT ACCOMPANIES THIS NOTICE. The Proof of Claim must be postmarked on or before April 18, 2011, and delivered to the Claims Administrator at the address below. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Settlement Agreement and the Order and Final Judgment.

## X. EXCLUSION FROM THE CLASS

You may request to be excluded from the Class. To do so, you must mail a written request stating that you wish to be excluded from the Class to:

*Orion Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA 94976-0990

The request for exclusion must state: (1) your name, address, and telephone number; and (2) all purchases and sales of Orion common stock made pursuant and/or traceable to Orion's initial public offering during the Class Period, including the dates of each purchase or sale, and the number of shares purchased or sold. YOUR EXCLUSION REQUEST MUST BE POSTMARKED ON OR

BEFORE MARCH 31, 2011. If you submit a valid and timely request for exclusion, you shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or the Order and Final Judgment.

## XI. DISMISSAL AND RELEASES

If the proposed Settlement is approved, the Court will enter a Final Judgment and Order of Dismissal with Prejudice (the "Order and Final Judgment"). The Order and Final Judgment will dismiss the Released Claims with prejudice as to all Defendants.

The Order and Final Judgment will provide that all Class Members who have not previously validly and timely requested to be excluded from the Class shall be deemed to have released and forever discharged all Released Claims (to the extent members of the Class have such claims) against all Released Persons.

## XII. APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees not to exceed 30% of the Settlement Fund, plus expenses, not to exceed $100,000, which were advanced in connection with the Litigation, plus interest thereon. Class Members are not personally liable for any such fees, expenses, or compensation.

To date, Lead Counsel have not received any payment for their services in conducting this Litigation on behalf of Lead Plaintiff and the members of the Class, nor have counsel been reimbursed for their out-of-pocket expenses. The fee requested by Lead Counsel would compensate counsel for their efforts in achieving the Settlement Fund for the benefit of the Class, and for their risk in undertaking this representation on a contingency basis. The fee requested is within the range of fees awarded to plaintiffs' counsel under similar circumstances in litigation of this type.

## XIII. CONDITIONS FOR SETTLEMENT

The Settlement is conditioned upon the occurrence of certain events described in the Settlement Agreement. Those events include, among other things: (1) entry of the Order and Final Judgment by the Court, as provided for in the Settlement Agreement; and (2) expiration of the time to appeal from or alter or amend the Order and Final Judgment. If, for any reason, any one of the conditions described in the Settlement Agreement is not met, the Settlement Agreement might be terminated and, if terminated, will become null and void, and the Parties to the Settlement Agreement will be restored to their respective positions as of August 26, 2010.

## XIV. THE RIGHT TO BE HEARD AT THE HEARING

Any Class Member who has not validly and timely requested to be excluded from the Class, and who objects to any aspect of the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses may appear and be heard at the Settlement Hearing. Any such Person must submit and serve a written notice of objection, to be received on or before March 31, 2011, by each of the following:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

ELLEN GUSIKOFF STEWART
ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Counsel for Lead Plaintiff

MATTHEW R. KIPP
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
155 N. Wacker Dr., Suite 2800
Chicago, IL 60606

Counsel for Orion Energy Systems, Inc.,
Neal R. Verfuerth, Daniel J. Waibel,
Diana Propper de Callejon, Thomas A. Quadracci,
Michael J. Potts, James R. Kackley,
Eckhart G. Grohmann, and Patrick J. Trotter

LEE G. DUNST
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, NY 10166

Counsel for Defendants Thomas Weisel
Partners, LLC, Canaccord Adams, Inc., and
Pacific Growth Equities, LLC,
n/k/a/ Pacific Growth Holdings, LLC

The notice of objection must demonstrate the objecting Person's membership in the Class, including the number of shares of Orion common stock purchased and sold during the Class Period, and contain a statement of the reasons for objection. Only Class Members who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

## XV. SPECIAL NOTICE TO NOMINEES

If you hold or held any Orion common stock during the Class Period as nominee for a beneficial owner, then, within ten (10) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*Orion Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA 94976-0990

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim, upon submission of appropriate documentation to the Claims Administrator.

## XVI. EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the Settlement Agreement. For full details of the matters discussed in this Notice, you may review the Settlement Agreement filed with the Court, which may be inspected during business hours, at the office of the Clerk of the Court, United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007.

If you have any questions about the Settlement of the Litigation, you may contact a representative of Lead Counsel: Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900.

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

DATED: _______________, 2010

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**EXHIBIT A-2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re ORION SECURITIES LITIGATION | : | Civil Action No. 1:08-cv-01328-RJS |
| | : | CLASS ACTION |
| This Document Relates To: | : | |
| ALL ACTIONS. | : | |

PROOF OF CLAIM AND RELEASE

EXHIBIT A-2

## I. GENERAL INSTRUCTIONS

1. To recover as a member of the Class based on your claims in the action entitled *In re Orion Securities Litigation*, Civil Action No. 1:08-cv-01328-RJS (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release form ("Proof of Claim"). If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Litigation.

2. Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3. YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM POSTMARKED ON OR BEFORE APRIL 18, 2011, ADDRESSED AS FOLLOWS:

> *Orion Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 990
> Corte Madera, CA 94976-0990

If you are NOT a member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice")) DO NOT submit a Proof of Claim.

4. If you are a member of the Class and you did not timely request exclusion in connection with the proposed Settlement, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II. CLAIMANT IDENTIFICATION

If you purchased Orion Energy Systems, Inc. ("Orion") common stock pursuant and/or traceable to Orion's initial public offering on or about December 18, 2007, through February 7,

2008, inclusive, and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased Orion common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Orion common stock which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), OF THE ORION COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III. CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Orion Common Stock" to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to ***all*** of your purchases of Orion common stock which took place pursuant and/or traceable to Orion's initial public offering between December 18, 2007 and February 7, 2008, inclusive (the "Class Period"),

and ***all*** of your sales of Orion common stock which took place at any time between December 18, 2007 and September 16, 2010, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to ***all*** of the Orion common stock you held at the close of trading on February 10, 2008, and at the close of trading on September 16, 2010. Failure to report all such transactions may result in the rejection of your claim.

List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Orion common stock. The date of a "short sale" is deemed to be the date of sale of Orion common stock.

Copies of broker confirmations or other documentation of your transactions in Orion common stock should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*In re Orion Securities Litigation*

Civil Action No. 1:08-cv-01328-RJS

PROOF OF CLAIM AND RELEASE

Must Be Postmarked No Later Than:

April 18, 2011

Please Type or Print

PART I: CLAIMANT IDENTIFICATION

______________________________________________
Beneficial Owner's Name (First, Middle, Last)

______________________________________________
Street Address

______________________ ______________________
City | State or Province

______________________ ______________________
Zip Code or Postal Code | Country

______________________ ________ Individual
Social Security Number or ________ Corporation/Other
Taxpayer Identification Number

__________ ______________________
Area Code | Telephone Number (work)

__________ ______________________
Area Code | Telephone Number (home)

______________________________________________
Record Owner's Name (if different from beneficial owner listed above)

PART II: SCHEDULE OF TRANSACTIONS IN ORION COMMON STOCK

A. Purchases (December 18, 2007 – February 7, 2008, inclusive) of Orion common stock:

| Trade Date Mo. Day Year | Number of Shares Purchased | Total Purchase Price |
|---|---|---|
| 1.____________ | 1.____________ | 1.____________ |
| 2.____________ | 2.____________ | 2.____________ |
| 3.____________ | 3.____________ | 3.____________ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": ________________________

B. Sales (December 18, 2007 – September 16, 2010, inclusive) of Orion common stock:

| Trade Date Mo. Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1.____________ | 1.____________ | 1.____________ |
| 2.____________ | 2.____________ | 2.____________ |
| 3.____________ | 3.____________ | 3.____________ |

C. Number of shares of Orion common stock held at the close of trading on February 10, 2008: ________________________

D. Number of shares of Orion common stock held at the close of trading on September 16, 2010: _____________________

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ THE RELEASE AND YOUR SIGNATURE ON PAGE __ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.**

## IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Settlement Agreement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases or sales of Orion common stock during the Class Period and know of no other person having done so on my (our) behalf.

## V. RELEASE

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Persons," defined as Defendants, their respective families, parent entities, associates, affiliates or subsidiaries, and each and all of their respective past, present or future officers, directors, stockholders, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, engineers, advisors, agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors and assigns, insurers, co-insurers, re-insurers, and any and all of Defendants' Affiliates.

2. "Released Claims" means all of the Released Plaintiffs' Claims and all of the Released Defendants' Claims, as defined herein.

3. "Released Plaintiffs' Claims" means with respect to the Released Persons: all rights, demands, claims (including "Unknown Claims" as defined below), and causes of action of every

nature and description, in law or equity, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rules or regulations, whether fixed or contingent, accrued or unaccrued, liquidated or un-liquidated, matured or un-matured, whether class and/or individual in nature that: (a) Lead Plaintiff or any member of the Class asserted, or could have asserted in this Litigation against any of the Released Persons; or (b) could have been asserted in this Litigation, or any other action or forum by Lead Plaintiff and/or the members of the Class or any of them against any of the Released Persons arising out of, or relating to, directly or indirectly, to the purchase of Orion common stock during the Class Period, and the facts, matters, allegations, transactions, events, disclosures, statements, acts, or omissions which were alleged or that could have been alleged in the Complaint.

4. "Released Defendants' Claims" means with respect to Lead Plaintiff, Plaintiffs' Counsel, any other counsel for any other plaintiff or plaintiffs in the Litigation, and/or any or all members of the Class and their counsel: any and all actions, claims, debts, demands, causes of action and rights and liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, including both known claims and Unknown Claims (as defined below), that have been or could have been asserted in the Litigation or any forum by Defendants, or the heirs, successors, and assigns of any of them against Lead Plaintiff, Plaintiffs' Counsel, any of the Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Litigation, excluding any claims for breaches of the Settlement Agreement.

5. "Unknown Claims" means any Released Plaintiffs' Claim which the Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release

of the Released Persons, which, if known by him, her or it, would or might have affected his, her or its settlement with and release of the Released Persons, or would or might have affected his, her or its decision not to object to this Settlement; and any Released Defendants' Claim which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, which, if known by him, her or it, would or might have affected his, her or its decision(s) with respect to the Settlement. Lead Plaintiff or the Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but Lead Plaintiff and the Class Members shall expressly, upon the Effective Date, be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever settled and released any and all Released Plaintiffs' Claims (including Unknown Claims, as defined herein), known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Likewise, Defendants may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Defendants' Claims, but Defendants shall expressly waive, and by operation of the Order and Final Judgment shall have fully, finally, and forever settled and released any and all Released Defendants' Claims (including Unknown Claims, as defined herein), known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, breach of any duty,

law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and the Class Members by operation of law shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a key element of the Settlement, of which this release is a material and essential part, and expressly waive the benefits of (i) the provisions of §1542 of the California Civil Code, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR,

and (ii) any and all provisions or rights conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.

This release shall be of no force or effect unless and until the Court approves the Settlement Agreement and the Settlement Agreement becomes effective on the Effective Date (as defined in the Settlement Agreement).

6. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

7. I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Orion common stock which occurred during the Class Period as well as the number of shares of Orion common stock held by me (us) at the close of trading on February 10, 2008 and the close of trading on September 16, 2010.

8. I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _______________ day of _________________
(Month/Year)

in ________________________________________________
(City) (State/Country)

_________________________________________
(Sign your name here)

_________________________________________
(Type or print your name here)

_________________________________________
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. Remember to attach supporting documentation, if available.
3. Do not send original stock certificates.
4. Keep a copy of your claim form for your records.

5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6. If you move, please send us your new address.

**EXHIBIT A-3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re ORION SECURITIES LITIGATION | Civil Action No. 1:08-cv-01328-RJS |
| | CLASS ACTION |
| This Document Relates To: | |
| ALL ACTIONS. | |

SUMMARY NOTICE

EXHIBIT A-3

TO: ALL PERSONS WHO PURCHASED ORION ENERGY SYSTEMS, INC. ("ORION") COMMON STOCK PURSUANT AND/OR TRACEABLE TO ORION'S INITIAL PUBLIC OFFERING ON OR ABOUT DECEMBER 18, 2007, THROUGH FEBRUARY 7, 2008, INCLUSIVE

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the Southern District of New York, a hearing will be held on April 14, 2011, at 10:00 a.m., before the Honorable Richard J. Sullivan, at the Daniel Patrick Moynihan United States Courthouse, Southern District of New York, 500 Pearl Street, New York, NY 10007, for the purpose of determining (1) whether the proposed settlement of the Litigation for the sum of $3,250,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) whether, thereafter, this Litigation should be dismissed with prejudice against the Defendants as set forth in the Settlement Agreement dated September 16, 2010; (3) whether the Plan of Allocation of settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (4) the reasonableness of the application of Lead Counsel for the payment of attorneys' fees and expenses incurred in connection with this Litigation, together with interest thereon.

If you purchased Orion common stock pursuant and/or traceable to Orion's initial public offering on or about December 18, 2007, through February 7, 2008, inclusive, your rights may be affected by this Litigation and the settlement thereof. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action and a copy of the Proof of Claim and Release, you may obtain copies by writing to *Orion Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 990, Corte Madera, CA 94976-0990, or by downloading this information at www.gilardi.com. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release postmarked no later than April 18, 2011, establishing that you are entitled to a recovery. You will be bound by any judgment rendered

in the Litigation unless you request to be excluded, in writing, to the above address, postmarked by March 31, 2011.

Any objection to any aspect of the settlement must be filed with the Clerk of the Court no later than March 31, 2011, and ***received*** by the following no later than March 31, 2011:

ROBBINS GELLER RUDMAN
& DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101

*Counsel for Lead Plaintiff*

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
MATTHEW R. KIPP
155 N. Wacker Dr., Suite 2800
Chicago, IL 60606

*Counsel for Orion Energy Systems, Inc.,*
*Neal R. Verfuerth, Daniel J. Waibel,*
*Diana Propper de Callejon, Thomas A. Quadracci,*
*Michael J. Potts, James R. Kackley,*
*Eckhart G. Grohmann, and Patrick J. Trotter*

GIBSON, DUNN & CRUTCHER LLP
LEE G. DUNST
200 Park Avenue, 47th Floor
New York, NY 10166

*Counsel for Defendants Thomas Weisel*
*Partners, LLC, Canaccord Adams, Inc., and*
*Pacific Growth Equities, LLC,*
*n/k/a/ Pacific Growth Holdings, LLC*

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: ____________________, 2010

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK