USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 4-14-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re ORION SECURITIES LITIGATION | : | Civil Action No. 1:08-cv-01328-RJS |
| | : | CLASS ACTION |
| This Document Relates To: | : | |
| ALL ACTIONS. | : | |

[redacted] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated December 28, 2010, on the application of the Parties for approval of the Settlement set forth in the Settlement Agreement dated September 16, 2010. Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order and Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all Parties to the Litigation, including all members of the Class.

3. The Court hereby certifies the following class for settlement purposes only:

> All Persons who purchased the common stock of Orion pursuant and/or traceable to the Company's initial public offering on or about December 18, 2007, through February 7, 2008. Excluded from the Class are Defendants, members of the immediate family of each of the Defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. Also excluded from the Class are any putative Class Members who timely and validly exclude themselves from the Class in accordance with the requirements set forth in the Notice.

4. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Agreement and Settlement are fair, reasonable, and adequate as to each of the Settling

Parties, and that the Settlement Agreement and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

6. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof. The Court hereby dismisses, as to Defendants, the Litigation and all Released Plaintiffs' Claims of the Class with prejudice, without costs as to any Settling Party, except as and to the extent provided in the Settlement Agreement and herein.

7. Upon the Effective Date hereof, Lead Plaintiff shall, and each of the Class Members shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim.

8. Upon the Effective Date hereto, each of the Released Persons shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation.

9. Lead Plaintiff, all members of the Class, the successors and assigns of any of them, and anyone claiming through or on behalf of any of them, are hereby permanently barred, enjoined, and restrained from instituting, commencing or prosecuting, either directly or in any other capacity, in the Litigation or any other action or proceeding any Released Plaintiffs' Claims against any of the Released Persons. The Released Plaintiffs' Claims against each and all of the Released Persons shall be released and dismissed with prejudice and on the merits. Nothing in this paragraph shall release the Released Plaintiffs' Claims against the Released Persons by a Class Member who submitted a timely, signed request for exclusion from the Class and who did not submit a timely, signed request to revoke the prior request for exclusion and are identified on Exhibit 1 attached hereto ("Opt-Out Plaintiffs").

10. The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

11. Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Order and Final Judgment and shall be considered separate from this Order and Final Judgment.

12. Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or Defendants' Affiliates in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants and/or Defendants' Affiliates may file the Settlement Agreement and/or this Order and Final Judgment from this Action in any other action in which they are parties or that may be brought against them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses

in the Litigation; and (d) all Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

16. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

17. The Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. §1715.

18. There is no reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: 4/14/11

THE HONORABLE RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

*ORION-EXCL00001*

[redacted]

RECEIVED EC
FEB 23 2011
CLAIMS CENTER

# Exclusion Cover Page

Case Name: Orion Energy Systems Inc.

Case Code: ORION

Exclusion Deadline: 3/31/2011(Postmark Date)

Name of Person Filing Exclusion: Hobert L. Johnson & Gayla K. Johnson

Exhibit 1

February 17, 2011

Orion Securities Litigation
Claims Administrator
% Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA 94976-0990

To Whom It May Concern,

This is notification for you to exclude us from the Class Action which you have recently informed us had to be requested by letter in order to be excluded.

Please find attached the purchases and sales of all Orion common stock we attained plus the dates of each purchase and sale and number of shares purchased and sold.

Sincerely,

Hobert L. Johnson

And

Gayla K. Johnson

# SCOTTRADE

## Confirmation for Account

| Date | Symbol | Description | Commission/Fees | Interest | Amount |
|---|---|---|---|---|---|
| 10/19/2009 | OESX | SOLD 19 SHARES OF OESX AT $3.20 | ($0.01) | $0.00 | $60.79 |
| 10/19/2009 | OESX | SOLD 200 SHARES OF OESX AT $3.20 | ($0.02) | $0.00 | $639.98 |
| 10/19/2009 | OESX | SOLD 200 SHARES OF OESX AT $3.20 | ($0.02) | $0.00 | $639.98 |
| 10/19/2009 | OESX | SOLD 81 SHARES OF OESX AT $3.20 | ($7.01) | $0.00 | $252.19 |

# SCOTTRADE

## Confirmation Summary for Account

| Trade Date | Settlement Date | Symbol | Description | Net Amount |
|---|---|---|---|---|
| 1/24/2008 | 1/29/2008 | OESX | BOUGHT 300 OESX @ $15.3599 | $4,607.97 |
| 1/24/2008 | 1/29/2008 | OESX | BOUGHT 100 OESX @ $15.34 | $1,534.00 |
| 1/24/2008 | 1/29/2008 | OESX | BOUGHT 100 OESX @ $15.36 | $1,543.00 |

J Mr. Hobert L. Johnson

17 FEB 11 PM 3 T



FEB 23 2011

CLAIMS CENTER

*Orion Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA 94976-0990

ORION